Sidney D. TURNER, Plaintiff,

v.

"THE CABINS", TANKER, INC., and Texas City Refining, Inc., Defendants.

Civ. A. Nos. 3383, 3384.

United States District Court, D. Delaware.

June 7, 1971.

Thomas G. Hughes, of O'Donnell, Hughes & Lowicki, Wilmington, Del., and Sidney J. Smolinsky, of Pechner, Sacks, Cantor & Dorfman, Philadelphia, Pa., for plaintiff.

Ernest S. Wilson, Jr., of Wilson & Russell, Wilmington, Del., and E. Alfred Smith, of Krusen, Evans & Byrne, Philadelphia, Pa., for defendants.

## OPINION

LAYTON, District Judge.

The plaintiff in this case (hereinafter "Turner") was a seaman employed by defendants (hereinafter "shipowner") on board the SS "The Cabins". On July 2, 1967 while working aboard this vessel in Estero Bay, California he slipped and fell on the main deck injuring his wrist and occasioning this lawsuit. Jurisdiction is based upon the Jones Act, 46 U. S.C. § 688 and The General Maritime Law. Turner sought recovery for his injuries and the ramifications thereof based on the unseaworthiness of the vessel and/or the negligence of the shipowner. Trial was held before a jury on October 13, 1970 and Turner recovered a verdict of $30,000.

The shipowner has made a motion for judgment n.o.v. and/or new trial in the alternative under Rule 50. The motion was timely made in accordance with Rule 60(b).

## JUDGMENT N.O.V.

As to the motion for Judgment N.O.V. it will be denied. It is settled that "the motion for Judgment N.O.V. may be granted only when, without weighing the credibility of the evidence there can be but one reasonable conclusion as to the proper judgment," Moore's Federal

Practice Vol. 5, ¶ 50.07(2) pg. 2356. No such circumstances exist in this case.

### NEW TRIAL

The case was submitted to the jury on both the issue of seaworthiness and negligence, and the controversy here relates to the jury's findings as announced by the forelady.[1] It is insisted by the shipowner that under the facts of this case determinations of seaworthiness and negligence were necessarily founded on the same operative facts,[2] and therefore a finding that the deck of the ship was seaworthy precludes a finding of negligence. Consequently, they argue this verdict is inconsistent; illustrates that the jury was confused and accordingly should be set aside with a new trial ordered.

█ The crucial issue involves what the jury meant by their finding that the ship was seaworthy. It is the court's duty to reconcile this verdict if at all possible. Gallick v. Baltimore & Ohio Ry. Co., 372 U.S. 108, 83 S.Ct. 659, 9 L. Ed.2d 618 (1963). However, there are cases where this is impossible; see Hopkins v. Coen, 431 F.2d 1055 (6th Cir. 1970).

█ The distinction between seaworthiness and negligence has consistently proved to be an elusive one, undoubtedly caused by the expanded scope of the seaworthiness doctrine. Recently, however, the Supreme Court had occasion to review it in Usner v. Luckenbach Overseas Corp., 1970, 400 U.S. 494, 91 S.Ct. 514, 27 L.Ed.2d 562, where it was pointed out that seaworthiness involves a condition of the ship. Actions for negligence are often founded upon the existence of that same condition which not only renders the ship unseaworthy, but also causes the accident. A ship-owner's duty to furnish a seaworthy ship, however, is absolute, Mahnich v. Southern S.S. Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561 (1944); Sieracki v. Seas Shipping Co., 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946) and therefore it is quite possible to have a condition which not only causes an injury but also renders the vessel unseaworthy, and yet was entirely unforeseeable from a negligence point of view. Sieracki v. Seas Shipping Co., *supra*. Similarly, it is theoretically possible to have a condition which causes an injury and was entirely foreseeable, yet would not render the ship unseaworthy.[3] In judging whether the condition renders the ship unseaworthy the inquiry is whether the ship with such a condition is reasonably fit for its intended use. Thus it has been aptly stated that "the seaworthiness of a ship, her equipment and appurtenance is a relative concept, dependent in each instance upon the circumstances in which its fitness is drawn in question." Lester v. United States, 234 F.2d 625, 628 (2nd Cir.1956).

Here Turner claims that a condition existed upon the shipowner's vessel which 1) rendered the ship unseaworthy 2) existed by virtue of the shipowner's negligence and 3) caused his injuries.

The primary issue in this case was the condition of the deck of "The Cabins" at the time Turner was injured. Several factors were argued by Turner's counsel to establish that a slippery condition existed. First it was pointed out that the deck surface was not painted with non-skid paint. Then it was pointed out that at the time of the injury the deck was on an incline due to the cargo discharging operation. Finally, it was argued that the deck was wet by virtue of the mist and fog.

---

1. Your Honor, our verdict is in favor of the plaintiff. We find defendant guilty of negligence but not guilty of unseaworthiness. * * * "

2. See Poller v. Thorden Lines, A/V, unreported (E.D.Pa.1970)

3. It should be noted this occurrence from a practical standpoint would be rare indeed due to the present scope of the seaworthiness doctrine. See Frankfurter's concurrence in Pope & Talbot v. Hawn, 346 U.S. 406, 418, 74 S.Ct. 202, 98 L.Ed. 143 (1953) but see McMahan v. The Pan-amolga, 127 F.Supp. 659 (D.C.1955).

The jury was charged as follows:

"The other ground upon which the plaintiff seeks recovery is the alleged unseaworthiness of the vessel on which he was injured. *More particularly, he charges that the decks were unsafe because they were slippery when dry and particularly so when wet.* Now I instruct you, however, as a matter of law that the mere presence of water on an open or exposed deck does not in and of itself render a ship unseaworthy. Shipowners are under a duty to furnish seamen with a vessel that is seaworthy in all respects. The term seaworthy is a relative one and its construction and application depend upon the facts of the particular case. It is not limited in meaning to a vessel's mere fitness to travel on the high seas but it means that the shipowner must provide all things aboard the vessel, including its hull, decks, equipment, personnel and means of doing the work at hand, all of which must be reasonably fit to permit the seaman to perform his duties in a reasonably careful manner." (Emphasis supplied) (Instructions to Jury, Trial Record, pp. 510–511)

"Also, if you should find that the vessel owner violated its duty to provide a seaworthy vessel *in that the decks were unsafe because of their alleged slippery condition* for the work in which the plaintiff was then engaged, then you may find that the vessel was unseaworthy and the defendant liable provided again that you should also find that the unseaworthy condition of the decks was a proximate cause of this accident." (Emphasis supplied) (Instructions to Jury, Trial Record, p. 512).

In light of this, by finding the deck seaworthy, it is only reasonable to assume that the jury found the deck was not slippery under all the circumstances and at the time of the injury. It is not reasonable in light of the charge to reconcile this verdict by assuming the jury in considering the seaworthiness issue were passing only on the abstract question of whether a ship's deck painted without non-skid paint was a seaworthy one. However interesting that consideration may be, the jury was not charged to consider the seaworthiness issue in terms of the paint surface alone and thus, the only reasonable conclusion possible from this verdict is that the jury found in light of all the factors that the deck of "The Cabins" was not slippery, and therefore seaworthy at the time of the injury.

A finding that a slippery condition did not exist can only reasonably mean that in the jury's mind Turner's injury was not caused by any condition of the deck.[4] However, the issue of negligence went to the jury, not in terms of a short crew[5] or that the job was a hurry up operation,[6] but rather like that of seaworthiness, was submitted solely in connection with the deck's condition:

"As you have heard from the evidence, the plaintiff here contends that the deck of the vessel on which he slipped and was injured was slippery and that this slippery condition was caused by the negligence of the shipowner in not maintaining the deck in a skid-proof condition. If you should find by a preponderance of the evidence that this shipowner *was negligent in not providing skid-proof paint or in otherwise carelessly maintaining such decks in condition so that they were unsafe* for seamen using them in the normal course of their business, then you may find the defendant was negligent and, therefore, liable, provided you should further find that

---

4. The plaintiff himself stated that the cause of his injury was a slick deck.

5. The crew was two men short in the deck department.

6. These were *not issues in this case.* Turner himself never testified that he was in a hurry. He stated he was walking on the deck not rushing or hurrying about. Furthermore, these issues were not contained in the pre-trial order, and Turner's counsel took no exception to the court's failure to charge that they could formulate a basis for unseaworthiness and negligence.

such negligence was a proximate cause of this accident." (Emphasis supplied) (Instructions to Jury, Transcript, pp. 511–512)

Therefore, for purposes of seaworthiness the jury found the deck was not a slippery one under all the circumstances and at the time in question, and for purposes of negligence found that the deck was slippery and the cause of plaintiff's injury. Such a conclusion is hopelessly inconsistent.

The court cannot conclude that the jury disregarded the charge and the central issue in this case. The rule of *Gallick,* supra, is more easily stated than applied. In an occasional case, a reasonable explanation of an apparent conflict in a jury's findings may be easily spelled out. But courts should resist the temptation to stray from the field of reason into the area of speculation. The facts here defy a logical explanation; the verdict is irreconcilably inconsistent and a new trial will be granted. Other arguments advanced in behalf of a new trial have been considered and regarded without merit.

Submit order.