59 P.3d 317

Marianne **MARTIN, individually and as Guardian Ad Litem of Karisa Martin, Tritan Martin and Dylan Martin on their behalf and Meghan Martin, individually, Plaintiffs–Appellants,**

v.

**TWIN FALLS SCHOOL DISTRICT # 411, Defendant–Respondent,**

**and**

**City Of Twin Falls; Ryan Canoy; John Odom dba Odom'S Concrete & Excavation; and John and Jane Does I–X, Defendants.**

**No. 28188.**

Supreme Court of Idaho, Twin Falls, November 2002 Term.

Nov. 22, 2002.

Stephan, Kvanvig, Stone & Trainor, Twin Falls, for appellants. Laird B. Stone argued.

Anderson, Julian & Hull, LLP, Boise, for respondent. Brian K. Julian argued.

EISMANN, Justice.

The plaintiffs appeal the grant of partial summary judgment dismissing their negligence action against a school district for the school district's failure to provide crossing guards at an intersection two blocks from the school. We affirm the dismissal of the action as to the school district.

## I. FACTS AND PROCEDURAL HISTORY

On September 15, 2000, at about 8:13 a.m., Karisa, Tritan and Dylan Martin were walking together on their way to school in Twin Falls, Idaho. The children attended Sawtooth Elementary School, which is one of the schools within Twin Falls School District # 411. As they were crossing a street at an intersection approximately two blocks from the school, a pickup truck driven by Ryan Canoy struck Karisa and Tritan. Dylan witnessed the accident. Karisa and Tritan were both injured. The City of Twin Falls had designated the intersection as a school crossing, and the crossing had been marked appropriately with signs, flashing lights, and painted lines on the highway.

On June 8, 2001, the plaintiffs filed this action against the City of Twin Falls, the School District, the pickup driver, and his employer. The School District moved for

partial summary judgment dismissing this lawsuit as to it. The district court heard and granted the motion. On December 31, 2001, the district court entered judgment dismissing the complaint as to the School District, and it certified that judgment as final pursuant to Rule 54(b) of the Idaho Rules of Civil Procedure. The plaintiffs then appealed.

## II. ISSUES ON APPEAL

A. Did Twin Falls School District # 411 have a common law duty to provide crossing guards at all designated school crossings?

B. Is either party entitled to attorney fees on appeal?

## III. ANALYSIS

In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment. *Infanger v. City of Salmon*, 137 Idaho 45, 44 P.3d 1100 (2002). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Id.* Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.* If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review. *Id.*

## A. Did Twin Falls School District # 411 Have a Common–Law Duty to Provide Crossing Guards at All Designated School Crossings?

■ In *Rife v. Long*, 127 Idaho 841, 908 P.2d 143 (1995), this Court addressed the common-law duty of a school district to protect students when they are off school property. In *Rife*, a fifth grader was injured while walking home from school when he stepped off the curb at an intersection and walked into the rear wheels of a tractor-trailer. The Rifes sued the school district arguing that it had a common-law duty to see that its students travel to and from school safely. This Court held that the school district in *Rife* did not have a duty to protect its students when they are not in its custody.

We find, in weighing these basic policy considerations, the burden on our school districts would be enormous. If we were to impose a duty on each school district to protect its students outside of school and school hours, they would incur substantial financial and additional manpower burdens. Conversely, the harm to the students is relatively small given that the school district releases the students back to the care of their parents at the end of the school day. We believe the common law duty arose because the parents are not in a position to protect their children while they are attending school. Thus, the school district bears that burden while the children are in its custody. However, after school has adjourned for the day, and the students have been released, the parents are free to resume control over the child's well-being. Accordingly, we decline to extend a common law duty under the circumstances of this case.

127 Idaho at 847, 908 P.2d at 149. Thus, the school district could not be held liable for the injuries received by the Rife child while he was walking home from school.

The Rifes also contended that the school district had assumed a duty to provide crossing guards at the intersection where the accident occurred because it provided crossing guards at crossing areas it had designated in front of the school. In rejecting that argument, this Court stated as follows:

We note the District has designated crossing areas directly in front of the middle school and does provide crossing guard protection for students crossing in those areas. That does not mean, however, that it has assumed a duty to provide crossing protection at any intersection a student may cross. The intersection where the accident occurred was several intersections away from the school and the approved school crossings. The District only assumed a duty to provide safe crossing at

the designated crossings, and thus there was no assumed duty in this case.

127 Idaho at 848, 908 P.2d at 150. By providing crossing guards at some crossings, the school district did not assume the duty to provide crossing guards at other intersections students cross while walking to and from school.

Relying upon a partial sentence taken out of context from the above-quoted portion of the *Rife* decision, the plaintiffs contend that the School District had assumed the duty to provide a crossing guard at the intersection where the Martin children were injured. The plaintiffs argue as follows:

> The *Rife* court states "The District only assumed a duty to provide safe crossing at the designated crossings, . . ." The Martin accident occurred in a designated crossing. The School District has crossing guards at other such crossings within the district boundaries but none at this crossing. The Martin accident is the very exception the *Rife* court addresses with that language.

According to the plaintiffs, *Rife* held that by providing crossing guards at some crossings, a school district assumes the duty to provide crossing guards at all "designated crossings," which plaintiffs construe to mean all crossings designated by the entity in charge of public roads. The plaintiffs reason that because the School District in this case provided guards at some crossings, it assumed the duty to provide guards at all "designated crossings," which would include the intersection where the Martin children were injured because it had been designated by the City of Twin Falls as a school crossing.

The words "designated crossings" in the segment of the *Rife* decision quoted by the Martins referred to the crossings designated by the school district in front of the school at which it provided crossing guards. It did not refer to any place where there was a designated pedestrian or school crossing. As the *Rife* Court stated in the same paragraph from which the plaintiffs extracted their quote, "We note the District has designated crossing areas directly in front of the middle school and does provide crossing guard protection for students crossing in those areas." 127 Idaho at 848, 908 P.2d at 150. By providing crossing guards at certain intersections or pedestrian crossings, the school district did not thereby assume the duty to provide guards at any other intersections or crossings. *Rife v. Long,* 127 Idaho 841, 908 P.2d 143 (1995).

■ The plaintiffs also argue that by adopting a policy dealing with crossing guards, the School District assumed the duty of providing crossing guards at the intersection where the Martin children were injured. The policy upon which the plaintiffs rely is a two-page document that states the qualifications; job goal; essential functions, duties and performance responsibilities; and terms of employment for school crossing guards.[1]

---

1. The full text of the policy is as follows:

**TITLE—SCHOOL CROSSING GUARD QUALIFICATIONS**
*Minimum*
1. High school diploma or equivalent.
2. Knowledge of the local school building neighborhood.
3. Aptitude to work with elementary age children.
4. Friendly personality.
5. Such alternatives to the above qualifications as the Board may find appropriate and acceptable.
*Desired*
1. Formal training in safety practices, law enforcement training and/or experience.
**REPORTS TO AND EVALUATED BY**
Building Principal
**SUPERVISES**
N/A
**JOB GOAL**

To assist elementary children in the development of sound traffic safety patterns of behavior and to provide for safe passage to and from school facilities.
**ESSENTIAL FUNCTIONS, DUTIES and PERFORMANCE RESPONSIBILITIES**
1. Regulates traffic signal to allow for the safe passage of students across highway and/or streets adjoining school facilities.
2. Instructs students in proper behavior when approaching school crossings.
3. Reports unsafe behavior patters [sic] of students to Principal.
4. Reports violating motor vehicle operators to Principal.
5. Warn elementary children of all known hazards, i.e. slick sidewalks, construction etc.
6 Perform other tasks and assume other responsibilities as the superintendent and/or board may deem necessary.
**TERMS OF EMPLOYMENT**

This policy does not in any way purport to state where crossing guards will be placed. By adopting this policy, the School District did not in any way assume a duty to place crossing guards at any particular intersection or pedestrian crossing. Just as a school district that provides crossing guards at particular school crossings does not assume a duty to provide crossing guards at other places, *Rife v. Long*, 127 Idaho 841, 908 P.2d 143 (1995), the school district does not, by adopting a policy to govern those crossing guards, assume a duty to provide crossing guards at other places.

Finally, the plaintiffs contend that the School District is liable because it has not adopted any guidelines to use when exercising its discretion to decide where to place crossing guards. According to the plaintiffs, once the School District elects to place crossing guards at some intersections, it is required to place crossing guards at all school crossings unless it adopts guidelines to use when deciding where to place the crossing guards. That argument misconstrues the duty assumed.

The purpose of such guidelines would be to direct the exercise of the District's discretion so that it uses due care when deciding at which school crossings or intersections to place crossing guards. Before the District's due care, or lack thereof, becomes relevant, however, it must first have a duty. "No liability arises from the law of torts unless the defendant owes a duty to the plaintiff." *Bowling v. Jack B. Parson Co.*, 117 Idaho 1030, 1032, 793 P.2d 703, 705 (1990). Absent a duty to provide crossing guards wherever they are needed, the School District had no obligation to adopt regulations to direct how it performs that duty. As this Court held in *Rife*, by providing crossing guards at some school crossings, a school district does not assume the duty of providing crossing guards at any other places. When a party assumes a duty by voluntarily performing an act that the party had no duty to perform, the duty that arises is limited to the duty actually assumed. *Udy v. Custer County*, 136 Idaho 386, 34 P.3d 1069 (2001) (by voluntarily removing rocks and other debris from the highway on other prior occasions, the county sheriff did not assume the duty of doing so on the night in question); *Brooks v. Logan*, 127 Idaho 484, 903 P.2d 73 (1995) (by helping some troubled students in the past, teacher did not assume the duty of helping a particular student who later committed suicide). Because the School District did not have a duty to provide crossing guards wherever needed, its failure to have guidelines to direct its discretion when deciding at which school crossings or intersections to place the crossing guards is of no consequence.

## B. Is Either Party Entitled to Attorney Fees on Appeal?

Both the plaintiffs and the School District request attorney fees on appeal pursuant to Idaho Code § 12–121. Attorney fees will be awarded under that statute to the prevailing party on appeal when this Court is left with the abiding belief that the appeal was brought, pursued, or defended frivolously, unreasonably, or without foundation. *King v. King*, 137 Idaho 438, 50 P.3d 453 (2002). Because the plaintiffs are not the prevailing parties, they are not entitled to an award of attorney fees under § 12–121. *Id.* Because the plaintiffs have made a good faith argument for the extension of existing law, we decline to award attorney fees to the School District on appeal.

## IV. CONCLUSION

We affirm the judgment of the district court. We award costs on appeal, not including a reasonable attorney fee, to the School District.

Chief Justice TROUT, and Justices SCHROEDER, WALTERS and KIDWELL concur.

Regular school year—salary as per schedule.
**EVALUATION**
Performance of this job will be evaluated annually in accordance with provisions of the Board's policy on Evaluation of Classified Personnel.