88 P.3d 772

Michael **SUMMERS** and Angel Summers, husband and wife, both individually and as the natural parents and guardians of Ryan Summers and Matthew Summers, minor children, and Matthew Summers and Ryan Summers, individually, Plaintiffs–Appellants,

v.

**CAMBRIDGE JOINT SCHOOL DISTRICT NO. 432** and John Does I through X, whose true identities are presently unknown, Defendants–Respondents.

No. 29096.

Supreme Court of Idaho,
Boise, January 2004 Term.

April 5, 2004.

Johnson & Monteleone, L.L. P., Boise, for appellant. Jason R.N. Monteleone argued.

Anderson, Julian & Hull, Boise, for respondents. Brian K. Julian argued.

BURDICK, Justice.

Michael, Angel, Matthew and Ryan Summers (hereinafter "Summers") appeal the order granting summary judgment to Cambridge Joint School District No. 432 (Cambridge School District) finding the school district immune from suit pursuant to I.C. § 6–904A and no genuine issue of material fact as to malice, criminal intent, or reckless, willful and wanton conduct as defined in I.C. § 6–904C. We affirm the dismissal order on alternative grounds.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 1, 1999, a pickup truck traveling on U.S. Highway 95 struck five-year-old

Ryan Summers, causing him serious injuries. On that day at approximately 3:30 in the afternoon, the school bus driver, Robert Wood, an employee of Cambridge School District, dropped off Ryan and his older brother, Matthew, at their stop. The boys exited and crossed in front of the school bus, safely reaching their driveway on the opposite side of the highway. Then they walked approximately twenty feet up their driveway toward their home.

At some point, Matthew lost some of his papers, which blew across the highway. When the school bus driver noticed Matthew intending to re-enter the highway, he re-extended the stop arm of the bus to allow Matthew to re-enter the highway. Matthew refused to re-enter the highway and waved the school bus driver to continue. The school bus driver proceeded, with several cars trailing him.

After the school bus had left, Matthew crossed the highway to retrieve his papers. While Matthew was across the highway, Ryan ran out into the highway to collect Easter grass that had blown from the basket he was carrying. A pickup truck traveling in the opposite direction of the school bus struck Ryan.

Summers filed suit against Cambridge School District. Summers alleged the school bus driver had acted recklessly in failing to keep a lookout and maintaining an area of safety by leaving the flashing lights and stop sign of the school bus engaged. Further, Summers alleged the school bus driver breached his duty to leave the Summers' children in a safe place. Summers alleged that as a direct result of the school bus driver's actions, Ryan Summers was severely injured.

Cambridge School District moved for summary judgment on the following grounds: (1) Summers' claims are barred by immunity provisions of Idaho Code Sections 6-904A(2) and 6-904C; (2) Cambridge School District's acts or omissions were not the proximate cause of the injuries sustained by Ryan Summers; and (3) the Summers' claims, except for Ryan's, are barred by the Summers' failure to file a notice of tort claim.

On December 11, 2001, the district court granted summary judgment finding the school district immune under I.C. § 6-904A. The court declined to rule on the issues of proximate cause and notice of tort claims because they were moot.

On September 23, 2002, the court heard Summers' motion for reconsideration. Summers did not present any new evidence or argument, but rather sought clarification of the court's ruling for appeal purposes. The district court denied the motion on October 1, 2002. Summers timely appeals.

## II. STANDARD OF REVIEW

In an appeal from an order granting summary judgment, this Court's standard of review is the same as that used by the trial court in ruling on the motion. *Harwood v. Talbert*, 136 Idaho 672, 677, 39 P.3d 612, 617 (2001). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). This Court liberally construes all facts and all reasonable inferences in favor of the non-moving party. *Northwest Bec-Corp. v. Home Living Service*, 136 Idaho 835, 838, 41 P.3d 263, 266 (2002). Where the district court's order is correct but based upon an erroneous theory, this Court will affirm the order on the correct theory. *Martel v. Bulotti*, 138 Idaho 451, 454-55, 65 P.3d 192, 195-96 (2003).

## III. ANALYSIS

A. *DUTY*

Generally, duty is a question of law to be determined by the court. *Bramwell v. South Rigby Canal Co.*, 136 Idaho 648, 650, 39 P.3d 588, 590 (2001) (citing *Turpen v. Granieri*, 133 Idaho 244, 247, 985 P.2d 669, 672 (1999)). This Court exercises free review over questions of law. *Freeman v. Juker*, 119 Idaho 555, 557, 808 P.2d 1300, 1302 (1991). Only when a defendant owes a duty to the plaintiff does tort liability exist. *Martin v. Twin Falls School Dist. #411*, 138 Idaho 146, 151, 59 P.3d 317, 322 (2002)(quot-

ing *Bowling v. Jack B. Parson Co.*, 117 Idaho 1030, 1032, 793 P.2d 703, 705 (1990)).

Summers argues that this Court should remand the case to the district court for trial because factual issues exist that preclude finding as a matter of law that Cambridge School District did not owe a duty to Summers at the time of the accident. Summers contends that viewing the facts in the light most favorable to them, there are genuine issues as to whether the boys were deposited in a safe place and whether the boys were no longer in the school district's custody. We disagree.

 This Court has recognized that "... a school district has a duty, exemplified in I.C. § 33–512(4), to act affirmatively to prevent foreseeable harm to its students" while in the district's custody. *Brooks v. Logan*, 127 Idaho 484, 490, 903 P.2d 73, 79 (1995); *Rife v. Long*, 127 Idaho 841, 846, 908 P.2d 143, 148 (1995). That duty does not extend beyond the time the child is in the school district's control or custody. *Rife*, 127 Idaho at 846, 908 P.2d at 148. Typically, the school district's control or custody ends after school has adjourned for the day, students have been released from class, and they leave the school grounds. *Id.* at 847, 908 P.2d at 149. At this time, parents are free to resume control over the child's well-being. *Id.*

 A school district has a duty to provide transportation services to its students so that, as far as practicable, no student has to walk more than 1½ miles to school or the nearest school bus stop. *See* I.C. § 33–1501. For those children riding the school bus, the school district's control or custody over them continues until the school bus driver deposits them in a safe place. *See Chatterton v. Pocatello Post*, 70 Idaho 480, 223 P.2d 389 (1950); *Crane v. Banner*, 93 Idaho 69, 75, 455 P.2d 313, 319 (1969); *Rife*, 127 Idaho at 849, 908 P.2d at 151.

 Cambridge School District argues the district court's summary judgment should be affirmed because Cambridge School District did not have a duty to protect Ryan Summers at the time of the accident. We agree.

This Court's focus is on the duty owed to Ryan Summers due to the injuries he suffered as alleged in the complaint and not the duty owed to Matthew Summers. Viewing the facts in the light most favorable to the plaintiffs, we conclude the school bus driver deposited Ryan Summers in a safe place. Ryan exited and crossed in front of the school bus, reached his driveway on the opposite side of the highway, and walked approximately twenty feet up his driveway toward his home. The school bus driver noticed Ryan and Matthew Summers stop their progression toward their home and become preoccupied with papers blowing in the highway. The school bus driver re-extended the stop arm and beckoned the Summers' boys to come back into the highway. The boys refused, and Matthew waved the school bus driver on. When the school bus driver drove away, Ryan had not left the area of safety, twenty feet away from the highway, and was still in his own driveway. Ryan had been deposited into an area of safety. At that point, the school bus driver and the school district no longer had Ryan under their control or custody. Neither the school district nor the school bus driver owed any further duty to Ryan Summers.

This Court has previously held:

> Summary judgment dismissal of a claim is appropriate when the plaintiff fails to submit evidence to establish an essential element of a claim. Summary judgment must be entered against the non-moving party who fails to make a showing sufficient to establish existence of an element, which is essential to his case and upon which he will bear the burden of proof at trial. If the nonmoving party cannot make a showing on elements essential to his claims, 'there can be no genuine issue of material fact since a complete failure of proof concerning an essential element on the nonmoving party's case necessarily renders all other facts immaterial.'

*McGilvray v. Farmers New World Life Ins. Co.*, 136 Idaho 39, 42, 28 P.3d 380, 383 (2001) (citations omitted). In this case, the plaintiff failed to submit sufficient evidence to establish an essential element of the negligence claim. The claim versus the school district,

therefore, must fail. The district court did not err in granting summary judgment to Cambridge School District.

B. *Remaining Issues on Appeal are Moot*

The parties raised additional issues on appeal. Because of the Court's finding that the school district did not owe any duty to the Summers, the issues as to immunity, proximate cause, and filing the appropriate notice of tort claim do not need to be addressed.

## IV. CONCLUSION

This Court holds the school district did not owe a duty to Ryan Summers at the time of the accident. In holding so, we affirm the district court's summary judgment order, albeit on other grounds. The remaining issues raised on appeal are rendered moot by this Court's holding. Costs to Cambridge School District.

Justices SCHROEDER, KIDWELL, EISMANN and Sr. Judge WALTERS concur.