# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 37624-2010

JAMES MARECI and LORI MARECI for and on their own behalf and on behalf of their minor son, TRISTEN MARECI,

    Plaintiffs-Appellants,

v.

COEUR D'ALENE SCHOOL DISTRICT NO. 271, its agents and employees,

    Defendants-Respondents,

and

SCOTT KAMARA and STEVIE KAMARA and QUINTON KAMARA, their minor son,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Coeur d'Alene, April 2011 Term

2011 Opinion No. 49

Filed: April 20, 2011

Stephen W. Kenyon, Clerk

Appeal from the District Court of the First Judicial District of the State of Idaho, in and for Kootenai County. The Hon. Benjamin Simpson, District Judge.

The judgment of the district court is <u>affirmed</u>.

James, Vernon & Weeks, P.A., Coeur d'Alene, and Chasan & Walton, Boise, for appellants. Kerwin C. Bennett argued.

Anderson, Julian & Hull, Boise, for respondents. Stephen L. Adams argued.

---

EISMANN, Chief Justice.

This is an appeal from a judgment dismissing a claim seeking to recover damages against the school district for injuries inflicted upon a student by another student. The district court granted summary judgment in favor of the school district because there was insufficient evidence to establish liability under Idaho Code § 6-904C(2). We affirm.

## I. FACTS AND PROCEDURAL HISTORY

At about 12:30 p.m. on September 15, 2006, sixth-grader Tristen Mareci walked into the office of the Canfield Middle School where he contacted Janice McIntosh, the secretary. Tristen was accompanied by Quinton Kamara, a classmate. Tristen told Ms. McIntosh that he had bumped his head, and she sent Quinton for a bag of ice. She noticed that Tristen was neither bleeding nor vomiting. When Quinton returned with the ice, she gave it to Tristen to put on his head, and Quinton left for class. Once Quinton was gone, Tristen told Ms. McIntosh that when he and Quinton were outside on a grassy field, Quinton "ran and he came up at full speed and he pushed me backwards, and I hit the ground and hit my head on the – hit my head on the ground." Ms. McIntosh left Tristen in the sick room with the ice on his head.

About twenty minutes later, Sarah McLain, a school counselor, walked into the sick room with another student in order to resolve some issue involving that student and Tristen. After she had talked with him a while about the issue involving the other student, Tristen told her that right now was not the best time to discuss it. He then told her that "Quinton had pushed me – had ran around, came up and pushed me backwards, I cracked my head on the ground, and that I was seeing blurry and everything was doubled and I felt sick to my stomach."[1] Ms. McLain left with the other student, leaving Tristen in the sick room. Ms. McIntosh then sent Tristen back to class.

When school was out, Tristen and Quinton boarded the same bus to ride home. Quinton was sitting in front of Tristen. Before the bus began to move, Quinton knelt on his seat and turned rearward facing Tristen. Fearing that Quinton may try to hit him, Tristen took his keys and hit Quinton on the head. Quinton responded by swinging his backpack of books, hitting Tristen in the head. At that point, Tristen's symptoms worsened and he began crying. Nothing further happened between the two boys. Since then, Tristen has suffered from daily headaches.

Canfield Middle School is one of the schools in Coeur d'Alene School District No. 271 (School District), and both Janice McIntosh and Sarah McLain were employees of the School District. On July 28, 2008, James and Lorie Mareci, Tristen's parents, filed this action to recover damages for both themselves and Tristen from the School District, from Quinton, and from his parents Scott and Stevie Kamara. The personal claims that James and Lorie Mareci may have had against the School District were dismissed because they had not given timely notice of their

---

[1] In her affidavit, Ms. McLain stated that she did not recall Tristen mentioning Quinton during the conversation.

tort claim. On the School District's motion for summary judgment, Tristen's claims against it were also dismissed. The district court entered a final partial judgment in favor of the School District, and Plaintiffs appealed.

## II. ISSUES

A. Did the district court err in holding that Plaintiffs' claims were barred by Idaho Code § 6-904A(2)?

B. Is the School District entitled to an award of attorney fees under Idaho Code § 12-117(1)?

## III. ANALYSIS

### A. Did the District Court Err in Holding that Plaintiffs' Claims Were Barred by Idaho Code § 6-904A(2)?

When reviewing on appeal the granting of a motion for summary judgment, we apply the same standard used by the trial court in ruling on the motion. *Infanger v. City of Salmon*, 137 Idaho 45, 46-47, 44 P.3d 1100, 1101-02 (2002). We construe all disputed facts, and draw all reasonable inferences from the record, in favor of the non-moving party. *Id*. at 47, 44 P.3d at 1102. Summary judgment is appropriate only if the evidence in the record and any admissions show that there is no genuine issue of any material fact regarding the issues raised in the pleadings and that the moving party is entitled to judgment as a matter of law. *Id*.

The School District is a governmental entity under the Idaho Tort Claims Act. I.C. § 6-902(2). As a general rule, a governmental entity is liable for the wrongful actions of its employees acting within the course and scope of their employment if a private person or entity would be liable under Idaho law. I.C. § 6-903(a). Both Janice McIntosh and Sarah McLain were employees of the School District and were acting within the course and scope of their employment. Because a private entity would be liable under Idaho law for the conduct of its employees acting within the course and scope of their employment, *Finholt v. Cresto*, 143 Idaho 894, 897, 155 P.3d 695, 698 (2007), the School District would be liable for any wrongful conduct of Mses. McIntosh and McLain. The School District is not liable for the wrongful conduct of Quinton.

A School District has a duty to act affirmatively to prevent foreseeable harm to its students while they are in the district's custody. *Summers v. Cambridge Joint School Dist. No.*

3

*432*, 139 Idaho 953, 956, 88 P.3d 772, 775 (2004); I.C. § 33-512(4). "The duty is not an absolute mandate to prevent all harm; rather, schools are obligated to exercise due care and take reasonable precautions to protect their students." *Sherer v. Pocatello School Dist. No. 25*, 143 Idaho 486, 491, 148 P.3d 1232, 1237 (2006). In their complaint, Plaintiffs alleged that the School District breached its duty by failing to inform them that Tristen had been injured, thereby delaying his medical treatment. The only injury the school personnel knew of was Tristen's first injury when he came to the school office. There is no evidence supporting a claim that the School District's failure to provide or secure medical treatment for Tristen in any way exacerbated that injury. Plaintiffs conceded such lack of evidence during oral argument on the motion for summary judgment. Plaintiffs also alleged in their complaint that the School District breached its duty to Tristen by allowing him to be assaulted by Quinton on two occasions. During oral argument on the motion for summary judgment, Plaintiffs conceded that there was no factual basis supporting a claim against the School District for its failure to prevent the first incident. Plaintiffs' cause of action is based entirely upon their claim that the School District wrongly failed to prevent the second incident.

The liability of a School District and its employees is limited when a claim arises out of an injury caused by a person under its supervision, custody, or care. I.C. § 6-904A(2); *Mickelsen v. School Dist. No. 25*, 127 Idaho 401, 403, 901 P.2d 508, 510 (1995). The School District would be liable for such a claim only if its employee acted with malice or criminal intent or if the employee's conduct was reckless, willful, and wanton. I.C. § 6-904A(2); *Hunter v. State, Dept. of Corrections*, 138 Idaho 44, 47-48, 57 P.3d 755, 758-59 (2002). This limitation of liability is based upon the status of the person causing the injury, not the status of the person injured. *Coonse ex rel. Coonse v. Boise School Dist.*, 132 Idaho 803, 806, 979 P.2d 1161, 1164 (1999). Quinton was in the custody of the School District when he struck Tristen on the school bus. *Summers*, 139 Idaho at 956, 88 P.3d at 775. Therefore, for the School District to be liable for that injury, Plaintiffs would have to show either that the School District's employees acted with malice or criminal intent or that their conduct was reckless, willful, and wanton. Plaintiffs do not claim that the employees acted with malice or criminal intent.

For the purposes of the Tort Claims Act, " '[R]eckless, willful and wanton conduct' is present only when a person intentionally and knowingly does or fails to do an act creating unreasonable risk of harm to another, and which involves a high degree of probability that such

4

harm will result." I.C. § 6-904C(2). Quinton accompanied Tristen to the school office. There is no evidence of any prior conflict between the two of them, nor is there any evidence that Quinton had previously bullied or intentionally harmed any other student. Tristen's account of how he was injured did not indicate that he and Quinton were fighting or even quarreling, nor did it indicate that Quinton intended to injure him. In fact, in his deposition Tristen testified that he did not think Quinton intended to injure him. Nothing Tristen said indicated any animosity between the boys, nor did he express any fear of Quinton or any desire to get even with him. In this case, the evidence is insufficient to create a genuine issue of material fact as to whether the conduct of either Ms. McIntosh or Ms. McLain was reckless, willful, and wanton.

Plaintiffs' argument that the conduct of Mses. McIntosh and McLain was reckless, willful, and wanton is summed up by Plaintiffs' assertion: "Certainly reasonable minds could find it highly probable that two eleven-year-old boys would fight following an injury-causing physical altercation between them earlier in the day. That's what eleven-year-old boys do." "[C]onclusory assertions unsupported by specific facts are insufficient to raise a genuine issue of material fact precluding summary judgment." *Goodman v. Lothrop*, 143 Idaho 622, 627, 151 P.3d 818, 823 (2007).

Plaintiffs contend that even if they cannot establish liability under Idaho Code § 6-904A(2), the School District could still be liable under Plaintiffs' claims of ordinary negligence. They assert that the district negligently supervised Mses. McIntosh and McLain "based on a lack of appropriate policies, procedures and training" and that it is liable for their negligence under the doctrine of respondeat superior. Relying upon *Hei v. Holzer*, 139 Idaho 81, 73 P.3d 94 (2003), and *Sherer v. Pocatello School District No. 25*, 143 Idaho 486, 148 P.3d 1232 (2006), Plaintiffs argue that their "causes of action for ordinary negligence and negligent supervision of employees is not barred by Idaho Code § 6-904A" and that they "can state causes of action *in addition to* their claims . . . under Idaho Code§ 6-904A." (Emphasis theirs.) The statute and these cases do not support Plaintiffs' argument. In fact, Plaintiffs cite no authority supporting this argument.

In *Hei v. Holzer*, we held that a school district was not entitled to immunity under section 6-904A(2) on a claim that it negligently failed to supervise a teacher who had sexual intercourse with a student because "[t]he fact that the teacher worked for the School District did not place him under the District's 'supervision, custody or care' within the meaning of the immunity

provisions." 139 Idaho at 87, 73 P.3d at 100. In *Sherer v. Pocatello School District No. 25*, we held that a school district was not entitled to immunity under section 6-904A(2) on a claim that it failed to properly supervise a contractor it had hired to conduct games at a school carnival because, "although an independent contractor may be a third person whose performance is monitored by the government entity that hired it, the existence of a consensual, contractual relationship does not place that person under 'supervision, custody or care' within the meaning of the statute." 143 Idaho at 493, 148 P.3d at 1239. Neither of those cases applies here. Unlike the teacher in *Hei* and the independent contractor in *Sherer*, it is undisputed that Quinton was under the supervision, custody, or care of the School District when he injured Tristen. Therefore, Idaho Code § 6-904A(2) unambiguously applies to this case.

The statute limits the liability of a governmental entity and its employees "for *any claim* which . . . [a]rises out of injury to a person or property by a person under supervision, custody or care of a governmental entity." I.C. § 6-904A(2) (emphasis added). It applies to *any claim* based upon the status of the *person who caused the injury* as being someone under the supervision, custody, or care of a governmental entity. In *Coonse ex rel. Coonse v. Boise School District*, 132 Idaho 803, 979 P.2d 1161 (1999), parents of a child assaulted on school grounds by other students attempted to circumvent Idaho Code § 6-904A(2) by claiming that the school district was negligent for failing to supervise their child. We rejected that attempt, stating: "It is clear that the immunity [under section 6-904A(2)] arises from the status of the person(s) causing the injury, not the status of the person injured. It is undisputed that the persons who injured the appellants' daughter in this case were other students under the supervision of the District." *Id*. at 806, 979 P.2d at 1164. Thus, section 6-904A(2) applies if the person who caused the injury was under the supervision, custody, or care of the School District, regardless of how the Plaintiffs seek to characterize their cause of action.

Not only is the Plaintiffs' argument contrary to the clear and unambiguous wording of the statute, but we have specifically held that it applies to claims based upon negligence. In *Coonse*, the parents of a child assaulted by other students at school argued that Idaho Code § 33-512(4) created an independent duty of care that was not affected by Idaho Code § 6-904A(2). We rejected that argument, holding that section 33-512(4) "merely supports the existence of a common law cause of action against a school district which might otherwise be limited by the application of statutes establishing exceptions to liability." 132 Idaho at 807, 979 P.2d at 1165.

We concluded that section 6-904A(2) barred the parents' lawsuit. *Id*. Likewise, in *Brooks v. Logan*, 130 Idaho 574, 577, 944 P.2d 709, 712 (1997), we held that section 6-904A(2) barred a claim for failure to exercise reasonable care in supervising students while they are attending school.

**B. Is the School District Entitled to an Award of Attorney Fees Under Idaho Code § 12-117(1)?**

The School District seeks an award of attorney fees under Idaho Code § 12-117(1), which provides that "in any . . . civil judicial proceeding involving as adverse parties a state agency or political subdivision and a person, . . . the court . . . shall award the prevailing party reasonable attorney's fees . . . if it finds that the nonprevailing party acted without a reasonable basis in fact or law." This appeal was brought without a reasonable basis in fact or law. The School District is entitled to an award of attorney fees as a matter of right.

## IV. CONCLUSION

We affirm the judgment of the district court. We award costs and attorney fees on appeal to respondents.

Justices BURDICK, J. JONES, W. JONES, and HORTON **CONCUR**.