# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 39071

| | |
|---|---|
| KOOTENAI COUNTY, a political subdivision of the State of Idaho, and PANHANDLE HEALTH DISTRICT NO. 1, a public health district duly established pursuant to Title 39, Chapter 4, Idaho Code, | Moscow, September 2012 Term |
| | 2012 Opinion No. 151 |
| Plaintiffs-Respondents, | Filed: December 20, 2012 |
| v. | Stephen Kenyon, Clerk |
| PEGGY HARRIMAN-SAYLER and TERRY SAYLER, | |
| Defendants-Appellants, | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

The judgment of the district court is affirmed.

Peggy Harriman-Sayler and Terry Sayler, Coeur d'Alene, pro se appellants. Terry Sayler argued.

Kootenai County Prosecutor's Office, Coeur d'Alene, for respondents. Patrick Braden argued.

_____

HORTON, Justice.

Kootenai County (the County) and Panhandle Health District No. 1 (the District) filed an action against Peggy Harriman-Sayler[1] and Terry Sayler, seeking injunctive relief to prevent Sayler from operating a recreational vehicle (RV) park without a conditional use permit, from occupying or using a building without a certificate of occupancy, and from operating a subsurface sewage system without a permit. The district court granted summary judgment in favor of the County and the District (collectively, the Respondents). Sayler timely appealed,

---

[1] Both Peggy Harriman-Sayler and Terry Sayler were defendants in the original action, and both appear in the title to this appeal. However, only Terry Sayler signed the initial appellate brief. This Court therefore issued an order, pursuant to I.A.R. 11.2, barring Harriman-Sayler from participating in the appeal. Harriman-Sayler's name remains in the title because she may be affected by the outcome.

asking this Court to vacate the district court's judgment, arguing that the RV park does not require a permit because it is allowed as a nonconforming use and that the sewage system and other building are properly permitted. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The campground, structures, and sewage disposal system at issue in this matter are located on real property in Kootenai County, Idaho (the Property), that is legally described as Tax No. 14055, a portion of Government Lot 3, Section 19, Township 52 North, Range 3 West Boise Meridian, Kootenai County, Idaho. The Property is located within the County's Rural Zone. Sayler's wife, Peggy Harriman-Sayler, owns the Property and the couple operate a campground on the property, which includes RV camping sites with electric and sewage disposal connections, a building with showers and storage (Shower Facility), and a single-family residence. The Property is subject to Kootenai County health and safety regulations, including zoning ordinances and building code ordinances, to the Environmental Health Code of Panhandle Health District No. 1 (Environmental Health Code), and to the Subsurface Sewage Disposal Rules promulgated by the Idaho Department of Environmental Quality (Sewage Disposal Rules).

The Respondents filed a joint complaint against Sayler and Harriman-Sayler on April 24, 2009, alleging violations of the County's zoning and building code ordinances, the Environmental Health Code, and the Sewage Disposal Rules. Sayler, at that time represented by counsel, filed a timely answer. After the district court granted the Respondents' motion for a preliminary injunction, Sayler's attorney moved to withdraw as counsel. The district court granted the motion, and Sayler thereafter appeared pro se. The district court issued a memorandum decision and judgment on December 17, 2010, finding Sayler and Harriman-Sayler in contempt for the violations, but suspending the judgment pending remediation of the violations.

The Respondents filed a motion for summary judgment, accompanied by affidavits in support of the motion as well as the affidavits filed in support of the motions for preliminary injunction and for contempt. The district court issued a memorandum decision and order on January 31, 2011, granting summary judgment in favor of the Respondents as to the violations of the county ordinances and the Environmental Health Code. The court also issued a permanent injunction that barred Sayler from operating an RV park on the Property, from using the sewage

disposal system, and from using the Shower Facility until he obtains all necessary permits and inspections. The district court issued its amended judgment on June 17, 2011. Sayler timely appealed from both the district court's judgment and from its order granting the permanent injunction.

## II. STANDARD OF REVIEW

This Court conducts a *de novo* review of a district court's grant of summary judgment, using the standard the trial court used in ruling on the motion. *Taylor v. McNichols*, 149 Idaho 826, 832, 243 P.3d 642, 648 (2010) (quoting *Curlee v. Kootenai Cnty. Fire & Rescue,* 148 Idaho 391, 394, 224 P.3d 458, 461 (2008)). Therefore, the Court affirms a grant of summary judgment when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "When there is no question of material fact, only a question of law remains, over which this Court exercises free review." *Youngblood v. Higbee*, 145 Idaho 665, 668, 182 P.3d 1199, 1202 (2008) (citing *Kiebert v. Goss,* 144 Idaho 225, 227, 159 P.3d 862, 864 (2007)). Under this standard, "disputed facts are construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are drawn in favor of the non-moving party." *Stonebrook Const., LLC v. Chase Home Fin., LLC*, 152 Idaho 927, 929, 277 P.3d 374, 376 (2012) (quoting *Curlee,* 148 Idaho at 394, 224 P.3d at 461).

This Court is bound by the record on appeal and "cannot consider matters or materials that are not part of the record or not contained in the record." *Chisholm v. Idaho Dep't of Water Res.*, 142 Idaho 159, 162, 125 P.3d 515, 518 (2005) (citing *State ex rel. Ohman v. Ivan H. Talbot Fam. Trust,* 120 Idaho 825, 827, 820 P.2d 695, 697 (1991)). Items attached to a party's opening brief are not part of the record and cannot be considered. *McLean v. Cheyovich Family Trust*, 153 Idaho 425, ___, 283 P.3d 742, 747-48 (2012); *Goodman Oil Co. v. Scotty's Duro-Bilt Generator, Inc.*, 147 Idaho 56, 59, 205 P.3d 1192, 1195 (2009).

"Interpretation of an ordinance or statute is a question of law over which this Court exercises free review." *Lane Ranch P'ship v. City of Sun Valley*, 145 Idaho 87, 89, 175 P.3d 776, 778 (2007) (citing *Friends of Farm to Market v. Valley Cnty.,* 137 Idaho 192, 196, 46 P.3d 9, 13 (2002)). "We apply the same principles in construing municipal ordinances as we do in the construction of statutes." *Friends of Farm to Mkt.*, 137 Idaho at 197, 46 P.3d at 14 (quoting *Cunningham v. City of Twin Falls,* 125 Idaho 776, 779, 874 P.2d 587, 590 (Ct.App.1994)).

3

"Pro se litigants are held to the same standards and rules as those represented by an attorney." *Hoover v. Hunter*, 150 Idaho 658, 661, 249 P.3d 851, 854 (2011) (quoting *Twin Falls Cnty. v. Coates,* 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003)). This Court does not search the record for error, and therefore the party "alleging error has the burden of showing it in the record. *Miller v. Callear*, 140 Idaho 213, 218, 91 P.3d 1117, 1122 (2004) (citations omitted).

## III. ANALYSIS

**A. The district court properly granted summary judgment because Sayler did not establish the existence of a genuine issue of material fact with respect to any of the issues on appeal.**

Sayler appealed the district court's grant of summary judgment in the County's favor on three issues: (1) whether Sayler violated the county zoning ordinance by operating an RV park without a conditional use permit, (2) whether Sayler violated the building code ordinance by moving the Shower Facility without a permit and using it without a certificate of occupancy, and (3) whether Sayler violated the Environmental Health Code by operating a subsurface sewage disposal system without final approval. To survive summary judgment, a non-moving party must demonstrate the existence of a genuine issue for trial. While the moving party must first prove the absence of any issue of material fact, once it has done so "the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact." *Asbury Park, LLC v. Greenbriar Estate Homeowners' Ass'n, Inc.*, 152 Idaho 338, 343-44, 271 P.3d 1194, 1199-1200 (2012) (quoting *Chandler v. Hayden,* 147 Idaho 765, 769, 215 P.3d 485, 489 (2009)). However, the "adverse party may not rest upon the mere allegations or denials of that party's pleadings, but the party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." I.R.C.P. 56(e). Under this standard, "a mere scintilla of evidence or only slight doubt as to the facts is insufficient to withstand summary judgment; there must be sufficient evidence upon which a jury could reasonably return a verdict resisting the motion." *Brown v. City of Pocatello*, 148 Idaho 802, 806, 229 P.3d 1164, 1168 (2010) (quoting *Harpole v. State,* 131 Idaho 437, 439, 958 P.2d 594, 596 (1998)). Further, "conclusory assertions unsupported by specific facts are insufficient to raise a genuine issue of material fact precluding summary judgment." *Mareci v. Coeur D'Alene Sch. Dist. No. 271*, 150 Idaho 740, 744, 250 P.3d 791, 795 (2011) (quoting *Goodman v. Lothrop,* 143 Idaho 622, 627, 151 P.3d 818, 823 (2007)). Consequently, once the moving party has met its burden, the adverse party must present affirmative evidence that demonstrates the existence of a genuine issue of

material fact. We hold that Sayler has failed to establish the existence of a genuine issue of material fact as to any of the three issues.

### 1. *The Zoning Ordinance violation*

The County argues that Sayler has operated an RV park on the Property without a conditional use permit since 2007, in violation of sections 9-13-7 and 9-13-9 of the zoning ordinance. Sayler contends that the Property has been operating as a dude ranch campground since 1991 and, because that was a permitted use at the time the campground was established, the campground is a continuing nonconforming use that does not violate the zoning ordinance.

The current County zoning ordinance (Ordinance No. 401) bars commercial uses of property located within the Rural Zone. However, under section 9-13-9 of that ordinance, some commercial uses, such as commercial resorts, are permitted with a conditional use permit. The ordinance defines a "commercial resort" as "[a] privately-owned, outdoor recreation area, operated for profit." An RV park may be included as part of a commercial resort. An RV park is defined as:

> A parcel of land upon which three (3) or more recreational vehicle sites are located, established, or maintained for occupancy by recreational vehicles, or tents, as temporary living quarters for recreation, camping, or vacation purposes.

Conditional use permits are governed under chapters 23 and 24 of the zoning ordinance. Thus, under the current ordinance, an RV park may be permitted in the Rural Zone only if the owner first obtains a conditional use permit pursuant to sections 9-23 and 9-24.

The zoning ordinance also provides for nonconforming uses. A nonconforming use is "a use of land which lawfully existed prior to the enactment of a zoning ordinance *and which is maintained after the effective date of the ordinance* even though not in compliance with use restrictions. *Baxter v. City of Preston*, 115 Idaho 607, 608-09, 768 P.2d 1340, 1341-42 (1989) (emphasis added) (citing 6 Rohan, *Zoning & Land Use Controls* § 41.01[1] (1978)). It is a property-right protection based upon the state and federal due process clauses. *Id.* (citing *Glengary-Gamlin Protective Ass'n v. Bird,* 106 Idaho 84, 675 P.2d 344 (Ct.App.1983); *Boise City v. Blaser,* 98 Idaho 789, 572 P.2d 892 (1977); *O'Connor v. City of Moscow,* 69 Idaho 37, 202 P.2d 401 (1949)). Often referred to as a "grandfather right," a nonconforming use "simply protects the owner from abrupt termination of what had been a lawful condition or activity on the property. *The protection does not extend beyond this purpose.*" *Id.* (emphasis original) (quoting *Bastian v. City of Twin Falls,* 104 Idaho 307, 309, 658 P.2d 978, 980 (Ct.App.1983)). That

lawful condition or activity may not be expanded or enlarged, but "intensification" of the nonconforming use does not generally terminate the nonconforming use. *Id.* at 609-10, 768 P.2d at 1342-43. Under zoning ordinance No. 159, in effect at the time the Property was purchased, a nonconforming use that is discontinued for six consecutive months, or for eighteen months in a three-year period, is terminated, and subsequent use of the property must conform to the current ordinance. Consequently, a lawful use of property that is established prior to an ordinance prohibiting the use and continuously maintained afterward, without substantial enlargement or expansion, is a permissible nonconforming use.

The record in this case shows that since 2007, after an extended period of inactivity, Sayler has operated an RV park on the Property without a conditional use permit. The County submitted sworn affidavits from a neighbor and three County employees, all stating that an RV park has operated on the Property since 2007. Two of the affidavits also indicate that the Property was not being used as an RV park in 2005 and that it had not been so used for a significant amount of time prior to 2005. The County also submitted two sworn affidavits from County employees stating that Sayler does not have the necessary conditional use permit to operate an RV park. Thus, even if Sayler established a valid nonconforming use from the time the Property was purchased, the evidence demonstrates that the use was discontinued. Under this Court's precedent and the zoning ordinance in effect at that time, once the use was discontinued, it could not be resumed without obtaining a conditional use permit.

We hold that the County has demonstrated that no genuine issue of material fact exists as to this issue and that it is entitled to judgment as a matter of law. Therefore, under this Court's standard for reviewing a grant of summary judgment, the burden shifts to Sayler to provide evidence showing the existence of an issue for trial. The record on appeal contains nothing to support Sayler's contentions. Rather, he merely denies the County's allegations and asserts that the RV park is a valid nonconforming use. Because Sayler has not satisfied the Rule 56(e) requirement that the adverse party, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial,"[2] we hold that the district court properly granted summary judgment for the County.

---

[2] Sayler filed a motion and affidavit in response to the County's motion for summary judgment. The County moved to strike the affidavit, but the district court, while noting that the affidavit contained defects that were "sufficient to grant [the County's] motion," did not grant the motion. However, Sayler did not include these documents in the record on appeal. Instead, they are attached to his opening brief. Therefore, because the affidavit is not part of the

## 2. The Building Code violations

The County next argues that Sayler unlawfully moved the Shower Facility without a permit and is currently using the building without a certificate of occupancy, in violation of the county building code. Sayler replies that the permits and certificate of occupancy he received for the single-family residence on the Property also apply to the Shower Facility.

The County submitted the sworn affidavit of a County employee, which demonstrates that the building code and zoning ordinances in effect at the time in question require property owners to obtain a building permit before an existing structure may be moved and a certificate of occupancy before a structure may be used or occupied. The affidavit also contains County records of the permits that Sayler claims authorized the relocation of the Shower Facility and included it within the scope of the certificate of occupancy that was issued in conjunction with the construction of the single-family residence on the Property. These records indicate that Sayler's building permits and certificate of occupancy do not cover the Shower Facility. Permit No. 23493 was issued on July 26, 1994. The application shows that the permit is for a new, single-family residence, and the site plan attached to the permit shows only one building. A certificate of occupancy was issued for the single-family residence approved under building permit No. 23493. Permit No. 28746 was issued on March 23, 1998. Sayler's application indicates that this permit is for an addition or alteration to the single-family residence already in existence on the Property. The site plan attached to the permit indicates an addition to the existing residence. The permit itself shows that it was issued for a single-family residence addition or alteration. Thus, nothing in the record demonstrates that a second building was approved under either permit, and the employee's affidavit indicates that the County has no record of a building permit or certificate of occupancy for the Shower Facility.

We hold that the County has demonstrated no genuine issue of material fact exists as to this issue and that it is entitled to judgment as a matter of law. Because Sayler has submitted no evidence to rebut the County's contentions or to support his assertions,[3] we hold that the district court properly granted summary judgment for the County.

---

record, we cannot consider it. *Chisholm v. Idaho Dep't of Water Res.*, 142 Idaho 159, 162-63, 125 P.3d 515, 518-19 (2005) (citing *State ex rel. Ohman v. Ivan H. Talbot Fam. Trust,* 120 Idaho 825, 827, 820 P.2d 695, 697 (1991)).

[3] The record contains the County's trial briefs and affidavits along with the district court's orders and judgments. The only items in the record that were offered by Sayler are his Answer, a motion to reconsider, and his notice of appeal. The Answer is merely a blanket denial of all allegations and a generic assertion of affirmative defenses. Both

### 3. The Environmental Health Code violation

The District argues that Sayler is operating a subsurface sewage disposal system without a valid permit, in violation of local health code regulations. Sayler replies that he was issued a permit for the sewage disposal system but that the District failed to perform the final inspection after he made numerous attempts to schedule it.

Under the provisions of the Environmental Health Code regulating private sewage disposal, any "residence, place of business, or other building where persons congregate, reside, or are employed," must have a permit to construct sewage disposal facilities before construction or alteration begins. IDAPA 41.01.01.100.02 (2009). Further, "[n]o dwelling or building shall be occupied until the sanitary disposal facilities have been constructed, inspected, and approved by" the District, and "[t]he sanitary disposal facilities shall not be covered with dirt or otherwise completed until inspected and approved." IDAPA 41.01.01.100.02. Additionally, Rule 002.04 of the Individual/Subsurface Disposal Rules requires owners of real property to obtain the necessary permits and approvals for sewage disposal systems. IDAPA 58.01.03.002.04. Under those rules, it is also unlawful to construct an individual or subsurface sewage disposal system without a valid installation permit. IDAPA 58.01.03.005.01.

In this case, the record contains the sworn affidavit of a County employee, which shows that on May 13, 1999, the District issued Permit No. 99-28-0008 for an individual subsurface sewage disposal system on the Property. This permit states that it is valid "for one year from its issue date," and that final approval of the permit requires the holder to schedule and obtain an inspection of the system after it is installed, but before it is buried. The affidavit indicates that because no final approval was granted, Permit No. 99-28-0008 expired in May of 2000. Consequently, we hold that the record demonstrates that there is no genuine issue of material fact and that the District is entitled to judgment as a matter of law.

Under this Court's standard for reviewing a grant of summary judgment, the burden shifts to Sayler to rebut the District's proof. Sayler contends that the District failed to inspect the system after numerous attempts to schedule the final inspection. The record contains nothing to support this assertion. Sayler has not offered evidence of either his requests for an inspection or of a final inspection. Sayler also argues that the permit did not expire because: 1) the District did

---

the motion and the notice of appeal were filed after the district court decided the County's summary judgment motion, and therefore we cannot consider them. I.R.C.P. 56(c).

not timely respond to his requests for a final inspection; 2) a County employee told him to close the system up; and 3) the system has "worked perfectly" since it was installed. However, he has advanced no legal arguments that might support this position, e.g., that the District is estopped from requiring a permit if it fails to inspect or that the Rules provide that a system is deemed approved if the County does not timely inspect it. Therefore, we hold that summary judgment was proper because the record shows that Sayler is unlawfully operating a subsurface sewage waste disposal system and Sayler has not demonstrated that there is a genuine issue for trial.

**B. The County is entitled to attorney fees on appeal.**

The Respondents request attorney fees on appeal pursuant to Idaho Code § 12-117(1), arguing that Sayler's appeal is without a reasonable basis in fact or law and that he fails to provide legal authority to support his assertions. A party is entitled to attorney fees on appeal only if fees are authorized by statute, contract, or court rule. *Capps v. FIA Card Servs., N.A.*, 149 Idaho 737, 744, 240 P.3d 583, 590 (2010) (citations omitted). Additionally, Idaho Code § 12-117 is "the exclusive means for awarding attorney fees for the entities to which it applies." *Potlatch Educ. Ass'n v. Potlatch Sch. Dist. No. 285*, 148 Idaho 630, 635, 226 P.3d 1277, 1282 (2010) (citing *Westway Const., Inc. v. Idaho Transp. Dep't,* 139 Idaho 107, 116, 73 P.3d 721, 730 (2003)). Idaho Code § 12-117(1) provides that:

> Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

However, fees are not "available against a party that presents a 'legitimate question for this Court to address.'" *Kepler-Fleenor v. Fremont Cnty.*, 152 Idaho 207, 213, 268 P.3d 1159, 1165 (2012) (quoting *Lane Ranch P'ship v. City of Sun Valley,* 145 Idaho 87, 91, 175 P.3d 776, 780 (2007)).

This is a relatively low standard. For example, in *Kepler-Fleenor*, the issue on appeal was whether a road in a subdivision had been publicly dedicated. 152 Idaho at 209, 268 P.3d at 1161. The Court held that the nonprevailing party presented a legitimate question and thus acted with a reasonable basis because, even though the subdivision plat unambiguously dedicated all roads in the subdivision, the plat also contained "some features suggesting that the owners may not have intended to dedicate the road." 152 Idaho at 213, 268 P.3d at 1165. While the standard is low, it does require the nonprevailing party to support its claim. In *Waller v. Idaho Dep't of Health &*

9

*Welfare*, we awarded the Department of Health and Welfare attorney fees on appeal because the nonprevailing party "identified no legal authority to support his claim . . ." and failed to address "the district court's factual or legal findings regarding his claim . . . ." 146 Idaho 234, 240, 192 P.3d 1058, 1064 (2008). Thus, a mere allegation of error, absent legal authority and without addressing the factual findings, is insufficient to present a legitimate question.

In this case, Sayler has not presented any legal argument, nor provided an adequate record to support his arguments as required under I.R.C.P. 56. Additionally, his briefing to this Court does not conform to the Idaho Appellate Rules in either structure or content. Consequently, we hold that Sayler has acted without a basis in both fact and law in pursuing this appeal and therefore that the Respondents are entitled to attorney fees on appeal.

## IV. CONCLUSION

We affirm the judgment of the district court. Costs and attorney fees on appeal to the Respondents.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES **CONCUR**.