(December 12, 1896.)

## LOWE v. LONG.

[47 Pac. 93.]

NEW TRIAL.—Where the record does not show the grounds upon which a new trial was granted, and no error warranting a new trial is apparent from the record, the order granting a new trial will be reversed.

PLEADINGS—AMENDMENT OF.—Where, during the progress of the trial the defendant asks leave to amend his answer, and it is apparent that such amendment will entirely or materially change the issues, the granting of such leave is a matter of discretion with the trial court, and to the granting of which the court may impose terms.

(Syllabus by the court.)

APPEAL from District Court, Lemhi County.

Reeves & Terrell and John A. Bagley, for Appellants.

The complaint alleges ownership and possession to two certain mining claims, known as the Monolith and Golden Crest. The defendant admits that the plaintiffs have been and now are in the possession of two certain quartz mining claims known as the Monolith claim and the Golden Crest claim, situated in the Mineral Hill mining district, county of Lemhi, state of Idaho. If this is true, then but one finding could be made, and that is that appellants are the owners of the ground covered by said Golden Crest claim, being fifteen hundred feet in length by six hundred feet in width, or three hundred feet on each side of the center of the vein; then the question under these pleadings presented for hearing and trial is as to whether or not the workings of respondent were within the Golden Crest claim, the boundary and extent of which is admitted. A fact admitted by the pleadings cannot be controverted by proof on the trial. (Bradbury v. Cronise, 46 Cal. 287; Ortega v. Cordero, 88 Cal. 221, 26 Pac. 80.) The facts admitted should not be submitted to the jury; they are purely matters for the court. (Travis v. Hicks, 41 Cal. 123.)

F. J. Cowan and R. P. Quarles, for Respondent.

Appellants claim that the answer admits that the Golden Crest claim extends three hundred feet in width on each side of the center of the vein. This contention is not correct. The law requires mining claims to be marked on the ground by monuments so that the exterior limits can be readily traced on the ground. These monuments must be permanent objects. The prospector is limited to fifteen hundred feet in length along the vein and to three hundred feet on each side of the middle of the vein, but may locate a less quantity, and is confined to boundaries as established by him, although he locates less ground than he is entitled to locate. There is no better established rule of law than that courses and distances, in descriptions of realty, are controlled by monuments marking the boundaries. On this point we cite a few decisions by the supreme court of California, deeming it unnecessary to cite

other authorities on this point: (*Anderson v. McCormick,* 18 Or. 301, 22 Pac. 1062; *Beaudry v. Doyle,* 68 Cal. 105, 8 Pac. 694; *Castro v. Barry,* 79 Cal. 443, 21 Pac. 946; *Hubbard v. Dusy,* 80 Cal. 281, 22 Pac. 214; *Adair v. White,* 85 Cal. 313, 24 Pac. 663; *Tognazzini v. Morganti,* 84 Cal. 159, 23 Pac. 1085; *Northern R. R. Co. v. Jordan,* 87 Cal. 23, 25 Pac. 273; *Anderson v. Richardson,* 92 Cal. 623, 28 Pac. 679; *Stoll v. Beecher,* 94 Cal. 1, 29 Pac. 327.) It was unnecessary to deny in the answer that the Golden Crest claim was six hundred feet in width, or that it was three hundred feet on either side of the middle of the vein. The complaint shows that this mining claim has "established lines." Facts are affirmatively stated in the answer showing that the working of the defendant was not within these "established lines," but outside of them. This tendered the issue on the vital question in the case and was sufficient. (*Hill v. Smith,* 27 Cal. 476; *Perkins v. Brock,* 80 Cal. 320, 22 Pac. 194; *Churchill v. Baumann,* 95 Cal. 541, 30 Pac. 770.)

HUSTON, J.—This is an appeal from the order of the district court sustaining and allowing a motion for a new trial. The plaintiffs brought action to restrain defendant from entering and working certain mining ground claimed by plaintiffs. The complaint sets forth the claim of plaintiffs with sufficient certainty, and the answer admits the same, but denies that defendant has trespassed on the claim of plaintiffs. The only question, as appears from the record, that was material in the case, was as to the location of the plaintiffs' claim. Plaintiffs allege in their complaint that the Golden Crest claim extends from the point of discovery fifteen hundred feet in a northwesterly direction, and being three hundred feet in width on each side of the vein, and this is supported by a copy of the original location notice. Defendant seeks to establish that the direction of plaintiffs' claim is not in a northwesterly direction from the point of discovery, but the evidence upon this issue is vastly in favor of the plaintiffs. The case was tried to a jury, who made special findings, all of which are in favor of plaintiffs, except the answer to the third question, which question was as follows, viz.: "Are the workings of the

defendant upon the Gold Block mining claim within three hundred feet of the center line of the Golden Crest mining ·claim, and are they within or without the boundary lines of the Golden Crest? A. Yes, to first part of question, and are unable to agree upon the second part or clause of said question." The lines and boundaries of the Golden Crest mining ·claim were admitted by the answer to be as set forth in the ·complaint, and, if the workings of defendant were within the lines so alleged and admitted, it is difficult to readily see what was the matter with the jury that they should be in doubt as to the concluding portion of the question submitted to them. We think the case of the plaintiffs was clearly made out by the ·evidence, and warranted the judgment rendered.

It seems that after the commencement of the trial, and during its progress, the defendant asked leave to amend his answer, and it would seem that such amendment changed the issues completely. The court granted the request, however, upon terms, which terms the defendant declined to comply with, and this order of the court is alleged as error. This was a matter in the discretion of the trial court, and there is nothing in the record that would warrant us in concluding that there was an abuse of discretion on the part of the trial court in making such order. The specifications of error, as the same appear in the record, are so incongruous, and unsatisfactory as to be of little service. This is doubtless largely ·attributable to the fact that the statement as it comes to this court is that prepared by the respondent on his application for a new trial. The verdict would seem to be supported by the ·evidence, and the judgment upon the verdict was correct. We are not advised through the record as to what were the grounds upon which the motion for a new trial was granted. We must be controlled by the record presented to us, however distasteful it may be to overrule the decision of the lower court in a matter which is of necessity largely one of discretion. The order of the judge of the district court granting defendant's motion for a new trial is reversed, and the judgment reinstated, and held to be in full force and effect. Costs awarded to appellants.

Morgan, C. J., and Sullivan, J., concur.