Robert L. PARSONS, as Administrator of the Estate of Connie G. Parsons, Plaintiff,

v.

DOCTORS FOR EMERGENCY SERV-ICES and Ronald C. Corbalis, M.D., a Corporation of the State of Delaware, Defendants.

Civ. A. No. 77–451.

United States District Court, D. Delaware.

Feb. 15, 1979.

C. Waggaman Berl, Jr., Wilmington, Del., for plaintiff.

Warren B. Burt of Prickett, Ward, Burt & Sanders, Wilmington, Del., for defendants.

### MEMORANDUM AND ORDER

STEEL, Senior District Judge:

This opinion addresses the plaintiff's motion for a new trial pursuant to Rule 59(a) Fed.R.Civ.P.

Plaintiff, administrator of the estate of Mr. Parsons, brought an action against the corporate defendant charging its employee, Dr. Farkas, with malpractice which resulted in the death of Mr. Parsons. After several hours of deliberation, the jury returned a general verdict for the defendant. While deliberating, the jury submitted a written question to the Court which read as follows:

> If we find both Mr. Parsons and Dr. Farkas at fault (equally) is it a rule for the plaintiff?
>
> Is this contributory negligence? (Doc. No. 67).

After conferring with counsel, the Court repeated to the jury its previous charge on contributory negligence, which stated that if the jury found the plaintiff negligent they must return a verdict for the defendant. Almost immediately thereafter, the jury returned its verdict accompanied by the following note:

The jury all agree that both Mr. Parsons and Dr. Fargas [sic] were at fault. (Doc. No. 67).

Plaintiff's motion is based on three grounds which are discussed seriatum.

## I. It was error for the Court to give an instruction on contributory negligence

Plaintiff argues that the Court erred in charging the jury on contributory negligence because the defense was not specifically pleaded by the defendant.

Although the defense of contributory negligence was not specifically pleaded in conformity with Rule 8(c), it is well established in the Third Circuit that "a pretrial order when entered limits the issues for trial and in substance takes the place of pleadings covered by the pretrial order." *Basista v. Weir,* 340 F.2d 74 (3d Cir. 1965). *See Deakyne v. Commissioner of Lewes,* 416 F.2d 290, 295 n. 7 (3d Cir. 1969). Issues of law that are raised in the pretrial order constitute an exception to the general rule that an affirmative defense which is not pleaded as required by Rule 8(c) is waived.

On January 9, 1979, the Court entered a pretrial order. (Doc. No. 60). It was signed by the attorneys for the parties and stated that the defense of contributory negligence was an issue. Since the pretrial order preserved the defendant's factual and legal contention of contributory negligence, the issue was not waived by the defendant's failure to conform to Rule 8(c). *See United States v. Houghan,* 364 U.S. 310, 315–16, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960). Furthermore, prior to the time when the jury retired to consider its verdict, the plaintiff did not object to the defendant's initial request for an instruction on contributory negligence. Accordingly, the Court's instruction on contributory negligence was not error.

## II. The finding of contributory negligence was against the clear weight of the evidence

The defense of contributory negligence was based upon the defendant's contention that Mr. Parsons ignored Dr. Farkas' advice concerning the need for immediate hospitalization. Stating that the only possible basis for a finding of contributory negligence was the testimony of Dr. Farkas, the plaintiff maintains that a new trial is warranted because Dr. Farkas' "testimony is so completely unbelievable as to not be entitled to any weight." (Doc. No. 71 at 7).

The disposition of a motion for a new trial rests in the sound discretion of the trial judge. *Silverii v. Kramer,* 314 F.2d 407 (3d Cir. 1963); *Sheats v. Bowen,* 318 F.Supp. 640 (D.Del.1970). In the exercise of that discretion, the Court is charged with the duty to insure that the verdict was not influenced by partiality or prejudice and that the verdict as returned does not represent a miscarriage of justice. *See Barrett v. Robinson,* 65 F.R.D. 652, 657 (E.D.Pa. 1975). The credibility of witnesses is peculiarly for the jury and the Court cannot grant a new trial merely because the evidence was sharply in conflict. *See Lewin v. Metropolitan Life Insurance Co.,* 394 F.2d 608, 614–15 (3d Cir. 1968); *Lind v. Schenley Industries, Inc.,* 278 F.2d 79 (3d Cir.), *cert. denied,* 364 U.S. 835, 81 S.Ct. 58, 5 L.Ed.2d 60 (1960); *University M & C v. Hartford Life and Accident Insurance Co.,* 413 F.Supp. 1250, 1252 (E.D.Pa.1976).

Although the plaintiff's cause of action sounded in the tort of medical malpractice, the essential issues in the case were whether Dr. Farkas recommended to Mr. Parsons that he go to a hospital and whether Mr. Parsons refused to do so. Dr. Farkas testified that he informed Mr. Parsons about the need for immediate hospitalization and even made preliminary arrangements for Mr. Parsons' admission to the Wilmington Medical Center, but that Mr. Parsons rejected his advice. The plaintiff maintained that Dr. Farkas neither believed that Mr. Par-

sons needed hospitalization nor recommended that Mr. Parsons be admitted to the Wilmington Medical Center. Obviously, the jury's primary responsibility was to determine the veracity of the witnesses—what testimony should be believed. Because the jury found Mr. Parsons contributorily negligent, it must have believed Dr. Farkas' testimony that Mr. Parsons ignored his advice. Consequently, the Court will not substitute its judgment concerning the credibility of the witnesses for that of the jury. *See Lind v. Schenley, supra.*

### III. *Inconsistent Verdict*

The plaintiff contends that the jury's verdict of negligence on the part of Dr. Farkas constituted a finding that he failed to advise Mr. Parsons of the need for hospitalization and that the jury's verdict of contributory negligence amounted to a finding that Mr. Parsons ignored Dr. Farkas' advice (which the jury found not to have been given) that Mr. Parsons enter the hospital. Perceiving the inconsistency in this result, plaintiff argues that the jury's verdict "could only be based upon the misunderstanding of either the facts or of the charge by the Court or the application of the facts to the law of the case." (Doc. No. 71 at 9).

█ Inconsistency in the verdict establishes a basis for a new trial. As this Court has noted, however, "[i]t is the Court's duty to reconcile [the] verdict if at all possible." *Turner v. "The Cabins" Tanker, Inc.,* 327 F.Supp. 515 (D.Del.1971).

█ It is axiomatic that "cases are to be decided on the record and the issues actually litigated at trial; if the evidence as developed provides a basis for recovery not covered strictly by the pleadings, a [party] is not to be denied relief on that account." *Keeffe Bros. v. Teamsters Local U. No. 592,* 562 F.2d 298, 306 (4th Cir. 1977). Under Rule 15(b), Fed.R.Civ.P. amendments are liberally allowed to conform the evidence to the pleadings. The Rule provides that "[w]hen issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Whether the parties impliedly consented to litigate an issue depends on whether they recognized that an unpleaded issue entered the case and whether they had a fair opportunity to address the issue. *See Jurinko v. Edwin L. Weigland Co.,* 477 F.2d 1038, 1045 (3d Cir.) *vacated on other grounds,* 414 U.S. 970, 94 S.Ct. 293, 38 L.Ed.2d 214 (1973).

The evidence indicates that the jury's verdict was not inconsistent and that a reasonable and rational explanation of the apparent conflict exists. The plaintiff incorrectly concludes that the only assertion by the plaintiff of negligence on the part of Dr. Farkas was the latter's failure to recommend hospitalization for Mr. Parsons. In fact, during trial the plaintiff's attorney raised various theories of liability that were not pleaded.* For example, during the direct examination of Dr. Farkas the plaintiff's attorney presented evidence from which the jury could have found that Dr. Farkas was negligent in failing to advise Mr. Parsons' family that immediate hospitalization was necessary.** The plaintiff's attorney pursued this theory in his examination of both Robert and Dorothy Parsons, the members of Mr. Parsons' family who accompanied him to the Newark Emergency Room and testified on plaintiff's behalf. Finally, in his closing argument to the jury, the plaintiff's attorney again raised the issue. Because the defendant did not object to the introduction of this theory of negli-

---

* Among the various theories of liability presented at trial by the plaintiff was the claim that Dr. Farkas was negligent in failing to call Mr. Parsons' family doctor in Maryland and in failing to introduce intravenous fluids in the Newark Emergency Room. Because the Court disposes of the motion on the claim noted below in the text, it will not consider these additional allegations of negligence.

** The plaintiff asserts that Delaware law requires any charge of negligence against a physician be supported by the testimony of an expert witness. Because the testimony regarding the propriety of informing Mr. Parsons' family was elicited by plaintiff's attorney through the examination of Dr. Farkas, the jury was authorized to consider the issue.

gence, the Court must treat the issue as if it had been raised in the pleadings. See Rule 15(b) Fed.R.Civ.P.

 In view of all the evidence presented at trial, the jury's finding of negligence and contributory negligence can be reasonably explained on the basis that the jury found Dr. Farkas recommended hospitalization to Mr. Parsons but failed to recommend hospitalization to his family when Mr. Parsons declined to follow Dr. Farkas' advice. Such a finding would not be contrary to the evidence, but consistent with both the evidence and the jury's finding that Mr. Parsons was contributorily negligent. Consequently, the Court concludes that the jury's verdict was not irreconcilably inconsistent. Accordingly, the motion for a new trial is denied.

So ordered.