628 P.2d 1036

**McKEE BROS., LTD., a corporation, Plaintiff-Respondent,**

v.

**MESA EQUIPMENT, INC., a corporation, Defendant-Appellant.**

No. 13541.

Supreme Court of Idaho.

May 8, 1981.

Francis H. Hicks of Hicks & Frachiseur, Mountain Home, for defendant-appellant.

Frank E. Chalfant, Jr., Boise, for plaintiff-respondent.

BAKES, Chief Justice.

The plaintiff respondent, McKee Bros., Ltd., brought suit against defendant appellant, Mesa Equipment, Inc., to recover $5,196, the purchase price of a stack feeder. Mesa Equipment answered by way of a general denial. However, in answers to interrogatories, Mesa Equipment admitted that it had ordered the stack feeder for the price of $5,196; that it had received the stack feeder; and that it had not paid any portion of the sum due. McKee Bros. then filed a motion for summary judgment.

In response to plaintiff's motion for summary judgment, the defendant filed an affidavit alleging fraud on the part of the plaintiff. The court below concluded that the defendant might be able to establish the necessary elements of fraud and therefore ordered that "if Defendant files an amended answer properly setting up such defense within ten days, and leave is hereby granted therefor, then the motion for summary judgment must accordingly be denied." The order was entered September 5, 1979. The defendant failed to amend its answer, and the court entered an order granting the motion for summary judgment on October 9, 1979. The defendant now appeals that order, claiming that it had established the right to proceed with its defense.

I.R.C.P. 8(c) requires that the affirmative defense of fraud be set forth in the defendant's answer. The court was within its authority in conditioning the denial of summary judgment on the amendment of defendant's answer. *See Lowe v. Long*, 5 Idaho 122, 47 P. 93 (1896). Since the defendant admitted all the elements necessary to establish plaintiff's right to relief and also failed to amend its answer, the trial court properly granted summary judgment in favor of the plaintiff. I.R.C.P. 56(c); *Lowe v. Long, supra.*

The record does not contain any motion to set aside the judgment under I.R.C.P. 60(b) for inadvertence or excusable neglect. We must, therefore, assume that the failure to amend the answer was not due to inadvertence or excusable neglect.

The judgment is affirmed. Costs, including attorney fees pursuant to I.C. § 12–120(2), to respondent.

McFADDEN, BISTLINE, DONALDSON and SHEPARD, JJ., concur.

BISTLINE, Justice, specially concurring.

While I agree in affirming, I believe it of sufficient importance to state my view that the submission of an affidavit in response to a motion for summary judgment may, and ordinarily does, suffice to introduce an issue without a formal amendment to the complaint, answer, or cross-complaint—as the case may be. I suspect that a cursory review of the many summary judgment dispositions reviewed in this Court would reveal that in a large number of them the parties and the district courts accept the practice of amending a "notice" pleading with some additional allegations by way of affidavit.

The court in *Griffeth v. Utah Power & Light Co.*, 226 F.2d 661 (9th Cir. 1955), aptly stated that "[u]nder pre-trial or summary judgment procedure, the affidavits serve the same purpose as the allegations of the pleading. Here the affidavit ... was an extension of the answer." *Id.* at 670. The court in that case treated the uncontradicted facts set forth in the affidavit as equivalent to uncontradicted facts in the pleadings for the purpose of defining the issues in the pre-trial proceedings.

As stated in Moore's Federal Practice, with regard to F.R.C.P. 8(c), which is almost identical to I.R.C.P. 8(c),

"Rule 8(c) might seem to imply that affirmative defenses may be raised only by a pleading (where one is required or permitted) and not otherwise. This, however, is too narrow a construction of the rule. . . . [I]t is clear that summary judgment is proper where the defendant shows the existence of an affirmative defense even though he has filed no answer. . . . [I]t is also . . . clear that a defendant may raise an affirmative defense by a motion to dismiss for failure to state a claim . . . ." 2A Moore's Federal Practice § 8.28 at 8–270 (1980) (footnotes omitted).

The court in *Parsons v. Doctors for Emergency Services,* 81 F.R.D. 660 (D.Del.1979), similarly noted that issues of law raised in pretrial orders constitute exceptions to the general rule that affirmative defenses not pleaded are waived. "Since the pretrial order preserved the defendant's factual and legal contention of contributory negligence, the issue was not waived by the defendant's failure to conform to Rule 8(c)." *Id.* at 662.

The purpose of the rule requiring that affirmative defenses be pleaded "is to alert the parties concerning the issues of fact which will be tried and to afford them an opportunity to present evidence to meet those defenses." *Williams v. Paxton,* 98 Idaho 155, 163 n.1 at 164, 559 P.2d 1123, 1131 n.1 at 1132 (1977). This purpose was met in the above examples of situations where an affirmative defense does not have to be pleaded in the answer.

In the present case, the court in its memorandum decision stated "[a]t oral argument, Defendant moved to amend their answer to allege the affirmative defense of fraud, and for the purposes of this motion for summary judgment, Defendant's answer will be treated as so amended." The court then held that "it appears to me that from the facts [in the affidavit] . . . that Defendant may be able to establish . . . an affirmative defense" of fraud.

It was therefore clear to all concerned that defendant was alleging fraud, and the parties were on notice to present evidence on this issue at trial. If there had been a pretrial conference followed by a pretrial order stating that fraud was an issue, surely the defendant would not have had to amend his answer to plead fraud. That is no different from the present situation, where the court and both parties knew that defendant's only defense was fraud. I am

convinced that the affirmative defense was properly raised, for a contrary holding places form over substance.

Nonetheless, it is axiomatic that a court can default a party for not complying with an order of the court. Here the court obviously desired to get the pleadings in order with a formal amendment, and gave defendant ten days to amend his answer to allege fraud. But defendant did not do so. Further, after the judgment was entered, relief should have been sought under I.R.C.P 60(b); it should not have been sought in the first instance in this Court.[1] While all the parties knew that fraud was an issue, the court was within its rights in asking for an amended pleading to specifically set forth the allegations of fraud. Nor can the court be faulted for subsequently entering judgment for plaintiff when defendant failed to comply.

I concur in affirming the judgment.

1. Defendant argues that summary judgment was improper because the affidavit establishes that there exists a material issue of fact and because under I.R.C.P. 15(b) amendment of his answer would have been allowed. Judgment was entered because defendant failed to amend his answer, and any further motion to reopen and amend should have been addressed to the trial court.