693 P.2d 470

**BOISE TRUCK & EQUIPMENT, INC.,
an Idaho corporation,
Plaintiff-Counterdefendant-Appellant,**

v.

**HAFER LOGGING, INC.,
Defendant-Counterclaimant-Respondent.**

No. 14723.

Court of Appeals of Idaho.

Dec. 18, 1984.
Petition for Review Denied
Feb. 19, 1985.

603 P.2d 1001 (1979).

Claire L. Dwyer, Collins & Manley, Boise, for plaintiff-counterdefendant-appellant.

David L. Whitney, Alexanderson, Davis, Rainey & Whitney, Caldwell, for defendant-counterclaimant-respondent.

PER CURIAM.

This is an appeal from an award of attorney fees under I.C. § 12–120(2). The award was made to respondent, Hafer Logging, Inc., for successfully defending a suit by Boise Truck and Equipment, Inc. to recover on an open account for repairs made to a truck owned by Hafer. We affirm.

■ Idaho Code § 12–120(2) provides:

(2) In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

Boise Truck argues that because the account in question involved charges both for goods (the repair parts) and for services (the labor for performing the repair work), I.C. § 12–120(2) is not applicable. Boise Truck suggests that the statute must be construed to allow an award of attorney fees only where the open account solely relates "to the purchase or sale of goods, wares, or merchandise." Boise Truck submits that its account in this case was for a repair service and was not a "sales" contract.

We believe the construction Boise Truck places on the statute is erroneous. We take a "plain meaning" view of the statute. The words "relating to the purchase or sale of goods, wares, or merchandise" plainly modify only the words "or contract" which immediately precede that phrase and which are separated from the remainder of the sentence by a comma not otherwise required by modern English usage. Consequently, the phrase does not modify the other types of action identified by the statute—actions on open account, account stated, note, bill or negotiable instrument.

However, it may be argued that the statute is ambiguous and therefore in need of construction. In the event of ambiguity, extrinsic aids to construction may be consulted, such as the heading of the bill which enacted the statute and the interpretations placed upon the statute in other cases. Here we confront a conflict. The heading of the bill refers to "actions on open accounts and other agreements for the purchase of goods." This language suggests that all forms of actions under I.C. § 12–120(2) were intended to relate to transactions in goods. On the other hand, in the case of *Torix v. Allred,* 100 Idaho

826

905, 606 P.2d 1334 (1980), our Supreme Court upheld an award of attorney fees under I.C. § 12–120(2) in an action on open account to recover for feeding and caring for cattle. The Supreme Court made no distinction whether the award must be predicated upon either an open account for the sale of goods (the feed) or for services (caring for the cattle). Nor did the court find it necessary to apply any mathematical test to determine whether the total charges for "goods, wares, or merchandise" exceeded the charges in the account for "services." In our view the Supreme Court simply held the award was proper because the suit involved an "open account."

Thus, even if the statute is ambiguous, *Torix* yields the same result as our "plain meaning" view. Moreover, the *Torix* approach represents the most practical construction of the statute. Characterizing a transaction as primarily one dealing in goods as opposed to services can be a tedious and sometimes hair-splitting exercise. The *Torix* approach substantially narrows the scope of cases in which this exercise must be undertaken.

■ We conclude that an award of attorney fees was authorized in the instant action on an open account. Because Hafer is successful on this appeal, it is also entitled to an award of attorney fees on appeal, under I.C. § 12–120(2). *McKee Bros., Ltd. v. Mesa Equipment, Inc.,* 102 Idaho 202, 628 P.2d 1036 (1981); *Steiner v. Amalgamated Sugar Co.,* 106 Idaho 111, 675 P.2d 826 (Ct.App.1984).

The order awarding attorney fees is affirmed. Costs and attorney fees to respondent, Hafer Logging, Inc.