704 P.2d 974

**WESTERN SEEDS, INC.,
Plaintiff-Appellant, Cross
Respondent,**

v.

**LeRoy BARTU, Defendant-Respondent,
Cross Appellant,**

and

**Pocatello Cold Storage, Inc., a corporation, Defendant-Respondent.**

No. 15131.

Court of Appeals of Idaho.

Aug. 5, 1985.

Brent T. Robinson, Ling, Nielsen & Robinson, Rupert, for plaintiff-appellant, cross respondent.

M. Jay Meyers, and Daniel McKernan (argued), McDevitt & Meyers, Pocatello, for defendants-respondents.

## ON DENIAL OF PETITION FOR REHEARING

This opinion supersedes our opinion issued April 15, 1985, which is hereby withdrawn.

WALTERS, Chief Judge.

Western Seeds, Inc. brought suit against LeRoy Bartu and Pocatello Cold Storage, Inc. to collect on an open account. Following a bench trial, judgment in favor of Western Seeds was entered against Pocatello Cold Storage. The district court also concluded that Bartu was an agent of Pocatello Cold Storage and, as such, was not liable to Western Seeds on the account. Western Seeds appeals, contending that the trial court erred by dismissing its claim against Bartu. Bartu cross appeals, contending the trial court erred in refusing to award attorney fees to Bartu upon Bartu's successful defense of Western Seeds' claim. We vacate the judgment insofar as dismissal of Western Seeds' claim against Bartu. We remand for further proceedings including determination of an award of attorney fees.

At least since 1959, Western Seeds sold crop seeds to Pocatello Cold Storage on an open account. Pocatello Cold Storage operated its retail seed store under the trade name, Farmers Feed and Seed. Western Seeds at all times transacted business with Pocatello Cold Storage under the trade name. In 1980, Bartu purchased the Pocatello Cold Storage corporate stock and began operating Farmers Feed and Seed. Farmers Feed and Seed fell behind in its payments to Western Seeds in 1981 and, when suit was filed, Farmers Feed and Seed owed Western Seeds over $20,000. Judgment in the amount of $20,996.68, plus interest and attorney fees, was entered against Pocatello Cold Storage, but West-

ern Seeds' claim against Bartu was dismissed. Bartu's request for an award of attorney fees was denied.

The district court dismissed Western Seeds' claim against Bartu, finding that Western Seeds knew, at the time it was delivering seed to Farmers Feed and Seed, that it was dealing with a corporation. A sign on the business premises read "Farmers Feed and Seed, Inc." Also, in a conversation that occurred shortly after he commenced operation of the business, Bartu mentioned to a Western Seeds representative that he, Bartu, had purchased "the oldest corporation in Idaho." The district court concluded that Bartu was an agent of Pocatello Cold Storage and, because Western Seeds knew it was dealing with a corporation when it delivered seed, the court held that Bartu was not liable on the open account.

■ We believe the trial court erred by dismissing Western Seeds' complaint against Bartu. An agent contracting with someone else is liable as a party to the contract unless he discloses, at or before the time of entering into the contract, the agency relationship and the identity of the principal. *General Motors Acceptance Corporation v. Turner Insurance Agency, Inc.*, 96 Idaho 691, 535 P.2d 664 (1975); RESTATEMENT (Second) OF AGENCY § 320 (1957). Similarly, a person contracting with another for a *partially* disclosed principal is liable as a party to the contract. *Keller Lorenz Co. v. Insurance Assoc. Corp.*, 98 Idaho 678, 570 P.2d 1366 (1977); RESTATEMENT (Second) OF AGENCY § 321 (1957). The evidence indicated, as noted by the district court in its memorandum opinion, that Western Seeds did not learn until after it stopped delivering seed that Farmers Feed and Seed was owned by Pocatello Cold Storage. The trial court erroneously assumed that partial disclosure of a principal—here, the fact that Bartu was contracting on behalf of a corporation, although the corporate name was not disclosed—would be sufficient to relieve the agent from liability on the contract. The

**72**

factual question—whether Western Seeds knew of the relationship between Farmers Feed and Seed and Pocatello Cold Storage, Inc., before part or all of the open account debt was incurred—was not resolved by the trial court, because of the court's erroneous assumption. Nor is the answer to that factual question obvious from the record. *See Pope v. Intermountain Gas Co.,* 103 Idaho 217, 646 P.2d 988 (1982). We therefore remand this case to the district court to make a finding regarding disclosure of the identity of the principal, before determining whether the agent should be relieved from liability for the account.

█ Further, because this suit is for collection of an open account, the prevailing party is entitled to an award by the trial court of attorney fees under I.C. § 12–120(2). *Boise Truck and Equipment, Inc.*

*v. Hafer Logging, Inc.,* 107 Idaho 824, 693 P.2d 470 (Ct.App.1984). Because it is unsettled at this point which party will prevail, we direct the trial court—when making the ultimate attorney fee award—to take into account the legal services provided on this appeal. *Paloukos v. Intermountain Chevrolet Co.,* 99 Idaho 740, 588 P.2d 939 (1978).

Costs on appeal to Western Seeds, Inc.

BURNETT and SWANSTROM, JJ., concur.