# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 42163

|  |  |  |
|---|---|---|
| PHH MORTGAGE, | ) | |
| | ) | |
|     **Plaintiff-Third Party Defendant-** | ) | |
|     **Counterdefendant-Respondent,** | ) | **Boise, December 2015 Term** |
| | ) | |
| v. | ) | **2016 Opinion No. 51** |
| | ) | |
| CHARLES NICKERSON and DONNA | ) | **Filed: April 27, 2016** |
| NICKERSON, | ) | |
| | ) | **Stephen Kenyon, Clerk** |
|     **Defendant-Counterclaimant-Third Party** | ) | |
|     **Complainant-Appellant,** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| COLDWELL BANKER MORTGAGE, a | ) | |
| d/b/a of PHH MORTGAGE, and JP | ) | |
| MORGAN CHASE BANK, NA. | ) | |
| | ) | |
|     **Third Party Defendants-Respondents.** | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District of the State of Idaho, Clearwater County. Hon. Michael J. Griffin, District Judge.

The judgment of the district court is <u>affirmed</u>.

Charles and Donna Nickerson, Orofino, pro se appellants.

Just Law Inc., Idaho Falls, for respondent PHH Mortgage. Elisa S. Magnuson argued.

Moffatt, Thomas, Barrett, Rock & Fields, Chartered, Idaho Falls, for respondent JP Morgan Chase Bank, N.A. Jon A. Stenquist argued.

---

HORTON, Justice.

Charles and Donna Nickerson appeal from the grant of summary judgment in favor of PHH Mortgage and J.P. Morgan Chase Bank. The suit involved an action for judicial foreclosure of a loan by PHH Mortgage against the Nickersons, and third-party claims against J.P. Morgan Chase by the Nickersons. We affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

In October of 2002, Charles and Donna Nickerson (the Nickersons) purchased approximately 50 acres of land in Clearwater County, Idaho. The Nickersons executed a promissory note and a Deed of Trust in favor of Coldwell Banker Mortgage[1] in the principal sum of $285,000. The district court determined that the original loan to the Nickersons was made by Coldwell Banker Mortgage and was originally serviced by Mortgage Service Center. In December of 2002, the note was assigned to Fannie Mae, and J.P. Morgan Chase acquired the note in November of 2007, at which point Chase Home Financial began servicing the loan. In February of 2010, Mortgage Service Center resumed responsibility for loan servicing, and in June of 2010, Chase assigned the note to PHH. As of December 1, 2013, the amount due on the note, including interest, was $340,339.84.

On January 10, 2011, PHH filed a complaint against the Nickersons claiming that the Nickersons had defaulted on their loan and seeking to foreclose. On August 12, 2011, the Nickersons answered the complaint. On February 1, 2012, the Nickersons filed an amended answer, counterclaim, and third-party complaint against Chase. The Nickersons' answer, counterclaim, and third party complaint alleged, among other things: breach of the covenant of good faith and fair dealing, breach of note, breach of 12 U.S.C. § 2605, breach of the federal fair debt collection practices act, breach of the federal fair credit reporting act. In addition to these claims, the Nickersons also sought an award of punitive damages. On October 16, 2012, PHH and Chase each filed motions for summary judgment.

On November 16, 2012, the district court granted in part and denied in part PHH's motion for summary judgment and granted Chase's motion for summary judgment. In granting Chase's motion for summary judgment, the district court concluded, "Chase's motion for summary judgment should be granted as to all of the Nickersons' third party claims for failure to present any evidence to support the elements of those third party claims, and/or the claims are not proper because the cited statutes do not apply to the facts of this case."

In its partial denial of PHH's motion for summary judgment, the district court stated: "PHH's motion for summary judgment should be granted as to all of the Nickersons' counterclaims for failure to present any evidence to support the elements of those counterclaims, and/or the counterclaims are not proper because the cited statutes do not apply to the facts of this

---

[1] Coldwell Banker Mortgage is a subsidiary of PHH Mortgage.

case. Summary judgment should also be granted as to the Nickersons' affirmative defense. . . ." However, the district court determined there was a genuine issue of material fact as to whether the Nickersons were in default in 2010 when PHH acquired its interest in the Nickersons' loan.

On December 5, 2012, the Nickersons filed a motion to reconsider. The motion stated that supporting documentation would soon be filed; however, on February 5, 2013, the district court denied the motion because the Nickersons had not presented a supporting memorandum following the motion.

On February 25, 2013, the Nickersons' attorney moved to withdraw. On May 15, 2013, the district court granted the withdrawal motion, and on August 19, 2013, the Nickersons filed a notice of appearance *pro se*.

On November 12, 2013, PHH filed a second motion for summary judgment, again contending that the Nickersons were in default and that they had not presented evidence to the contrary. On December 17, 2013, the Nickersons filed their own motion for summary judgment, supported by the affidavit of Charles Nickerson. PHH moved to strike the affidavit, and the district court granted the motion in part. The district court set the hearing on the cross-motions for summary judgment for February 11, 2014. On February 5, 2014, the Nickersons filed an unsuccessful motion to continue the hearing.

On April 4, 2014, the district court issued its order and final judgment granting PHH's motion for summary judgment and denying the Nickersons' motion for summary judgment. The district court concluded that the Nickersons had not presented evidence to support their conclusory allegation that they had not defaulted on their loan obligation.

Following judgment, the Nickersons filed three motions to reconsider and a motion for leave to amend their answer, counterclaim, third-party complaint and demand for a jury trial. On May 6, 2014, the district court issued an order denying the Nickersons' motions to reconsider, ruling them either untimely or inapplicable to a final judgment.

On May 15, 2014, the Nickersons filed a "Motion for Justice" in Clearwater County Idaho, and on May 16, 2014, the Nickersons filed a motion to suppress and strike the depositions of Charles and Donna Nickerson, which had been taken on October 3, 2012, prior to the initial motion for summary judgment.

On May 16, 2014, the Nickersons filed their notice of appeal. Subsequently, on June 6, 2014, the Nickersons filed a motion for relief with the district court. On June 11, 2014, the

district court denied the Nickersons' motions for justice and relief. The district court treated the motions as motions to reconsider and concluded that the Nickersons still had not presented any admissible evidence that would create a genuine issue of material fact.

On October 6, 2014, the Nickersons returned to the district court and filed a motion for relief from judgment or order. The Nickersons argued for relief under Idaho Rules of Civil Procedure 60(b)(1)-(3), and (6). Two weeks later, the Nickersons followed up by filing a motion to set aside judgment based on supplemental evidence of fraud on the court, filed October 21, 2014, and an edited motion to set aside judgment filed October 22, 2014. Those motions were both based on a claim of fraud under Idaho Rule of Civil Procedure 60(b)(3). The Nickersons argued they were entitled to relief based on: mistakes by the court; surprise due to the actions and withdrawal of their former counsel; excusable neglect due to their reliance on their former counsel; new evidence showing PHH did not have standing to pursue foreclosure; fraud regarding PHH's chain of title, the amount of default, and coercion of the Nickersons at closing; and misconduct of the opposing parties regarding the depositions of the Nickersons and the submission of a fraudulent affidavit. The district court denied the Nickersons' motions, concluding that the Nickersons failed to present admissible evidence to support their claims. The Nickersons now present the same arguments on appeal before this Court.

## II. STANDARD OF REVIEW

"In an appeal from an order granting summary judgment, this Court's standard of review is the same as that used by the trial court in ruling on the motion." *Summers v. Cambridge Joint Sch. Dist. No. 432*, 139 Idaho 953, 955, 88 P.3d 772, 774 (2004). "Under Idaho Rule of Civil Procedure (IRCP) 56, summary judgment is proper 'if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Edged In Stone, Inc. v. Nw. Power Sys., LLC*, 156 Idaho 176, 180, 321 P.3d 726, 730 (2014) (quoting I.R.C.P. 56(c)). "If the evidence reveals no disputed issues of material fact, then summary judgment should be granted." *ParkWest Homes, LLC v. Barnson*, 154 Idaho 678, 682, 302 P.3d 18, 22 (2013). "The Court should liberally construe all disputed facts in favor of the non-moving party." *Edged In Stone*, 156 Idaho at 180, 321 P.3d at 730. "Inferences that can be reasonably made from the record are made in favor of the non-moving party." *Hoagland v. Ada Cnty.*, 154 Idaho 900, 907, 303 P.3d 587, 594 (2013).

"[W]hen the district court grants summary judgment and then denies a motion for reconsideration, 'this Court must determine whether the evidence presented a genuine issue of material fact to defeat summary judgment.' This means the Court reviews the district court's denial of a motion for reconsideration de novo." *Bremer, LLC v. E. Greenacres Irrigation Dist.*, 155 Idaho 736, 744, 316 P.3d 652, 660 (2013) (quoting *Fragnella v. Petrovich*, 153 Idaho 266, 276, 281 P.3d 103, 113 (2012)).

"The decision to grant or deny a motion under I.R.C.P. 60(b) is committed to the discretion of the trial court." *Printcraft Press, Inc. v. Sunnyside Park Utilities, Inc.*, 153 Idaho 440, 448, 283 P.3d 757, 765 (2012).

> A trial court's decision whether to grant relief pursuant to I.R.C.P. 60(b) is reviewed for abuse of discretion. The decision will be upheld if it appears that the trial court (1) correctly perceived the issue as discretionary, (2) acted within the boundaries of its discretion and consistent with the applicable legal standards, and (3) reached its determination through an exercise of reason. A determination under Rule 60(b) turns largely on questions of fact to be determined by the trial court. Those factual findings will be upheld unless they are clearly erroneous. If the trial court applies the facts in a logical manner to the criteria set forth in Rule 60(b), while keeping in mind the policy favoring relief in doubtful cases, the court will be deemed to have acted within its discretion.

*Id.* at 448–49, 283 P.3d at 765–66 (quoting *Eby v. State*, 148 Idaho 731, 734, 228 P.3d 998, 1001 (2010)).

### III. ANALYSIS

The Nickersons argue the district court erred in a number of respects, including: granting summary judgment in favor of PHH; denying the Nickersons' motion for summary judgment; denying the Nickersons' motion for a continuance; not instructing the Nickersons to amend their pleadings to include fraud at the summary judgment hearing and later denying the Nickersons' motion to amend their pleadings; denying the Nickersons' motions for reconsideration; and denying the Nickersons' Rule 60(b) motions for relief. These issues are discussed in turn.

**A. The district court did not err when it granted PHH's second motion for summary judgment and denied the Nickerson's motion for summary judgment.**

On November 14, 2013, PHH filed a second motion for summary judgment. PHH presented affidavits from Ron Casperite and Brandie S. Watkins and incorporated all previously filed documents in the record. The Nickersons' motion for summary judgment against PHH was supported by the Affidavit of Charles Nickerson. In their motion, the Nickersons argued that PHH did not have standing to bring the complaint because: the documents claiming ownership

were fraudulent; the complaint referenced the wrong property; the note was not indorsed to PHH; the Deed of Trust was invalid and fraudulent; PHH initiated foreclosure proceedings prior to having a beneficial interest in the property; and no default existed. In response, PHH filed a motion to strike portions of the Affidavit of Charles Nickerson. The district court granted PHH's motion, striking thirteen of the twenty-three paragraphs contained in Mr. Nickerson's affidavit.

The district court denied the Nickersons' motion for summary judgment concluding that: the Nickersons had not shown prejudice due to the error in the legal description of the property in the complaint and that the Deed of Trust contained the correct description; the claim that PHH did not have standing was not supported by any evidence; the Nickersons did not allege fraud as an affirmative defense and the Nickersons had not presented any admissible evidence of fraud; the Nickersons had not presented any authority in support of their contention that a note cannot be assigned; and the Nickersons' claim that they were not in default was conclusory and not supported by any evidence.

On appeal, the Nickersons have waived most of the arguments advanced before the trial court in support of their motion for summary judgment and have only presented the same arguments they presented to the district court in opposition to PHH's motion for summary judgment. The Nickersons argue that the transaction history provided by Chase and the illustrative loan history provided in the second affidavit of Ronald E. Casperite showed conflicting amounts due under the loan in 2009 and 2010, thus creating a genuine issue of material fact as to whether they were in default. We disagree.

> It is axiomatic that upon a motion for summary judgment the non-moving party may not rely upon its pleadings, but must come forward with evidence by way of affidavit or otherwise which contradicts the evidence submitted by the moving party, and which establishes the existence of a material issue of disputed fact. However, a mere scintilla of evidence or only slight doubt as to the facts is insufficient to withstand summary judgment; there must be sufficient evidence upon which a jury could reasonably return a verdict resisting the motion. Conclusory assertions unsupported by specific facts are insufficient to raise a genuine issue of material fact precluding summary judgment.

*Grabicki v. City of Lewiston*, 154 Idaho 686, 690, 302 P.3d 26, 30 (2013) (internal quotations and citations omitted). "[O]nce the moving party has met its burden, the adverse party must present affirmative evidence that demonstrates the existence of a genuine issue of material fact." *Kootenai Cnty. v. Harriman-Sayler*, 154 Idaho 13, 17, 293 P.3d 637, 641 (2012).

The Nickersons have not shown the existence of admissible evidence necessary to withstand PHH's motion for summary judgment. Although the Nickersons did present the affidavit of Mr. Nickerson, the district court struck the majority of its contents and the Nickersons have not challenged that order on appeal. The Nickersons' assertion that PHH has not provided any evidence of a valid claim of ownership of the debt lacks support in the record. The Nickersons did not present any other affidavits to the district court in response to PHH's motion for summary judgment and merely drew legal conclusions based on the evidence submitted by PHH that are not supported by the record. Because the only evidence presented supports PHH's claim that the Nickersons were in default, the district court did not err when it granted summary judgment to PHH on this issue.

1. **The district court did not abuse it discretion when it denied the Nickersons' motion to continue.**

On December 20, 2014, the district court set the hearing on the cross-motions for summary judgment for February 11, 2014. The Nickersons' motion to continue the hearing asked that it be delayed until March 11, 2014. The Nickersons asserted the continuance was necessary due to work and extreme weather conditions and that they were not able to research and prepare for the summary judgment hearing and additional motions filed by PHH. PHH objected, arguing that none of PHH's motions required additional time for research and the February 11, 2014, hearing date was set in order to afford the Nickersons adequate time to prepare for argument. The district court denied the Nickersons' motion. The Nickersons' appeal from the denial of their motion is based on the claim that Idaho Rule of Civil Procedure 7(b)(4) provides that, unless the parties stipulate to a telephonic hearing, summary judgment hearings must be in person and that they did not stipulate to a hearing by telephone.

The decision whether to grant a motion to continue is committed to the sound discretion of the trial court. *Everhart v. Washington Cnty. Rd. & Bridge Dep't*, 130 Idaho 273, 275, 939 P.2d 849, 851 (1997). The notice of hearing on the cross-motions for summary judgment provided notice to the parties that it would be conducted by telephone. The Nickersons' motion to continue did not contain an objection to the hearing being conducted telephonically. The Nickersons appeared by telephone and fully presented their arguments. We do not reach the merits of the Nickersons' claim that the district court erred by holding a telephonic hearing because any error did not affect the Nickersons' substantial rights. Idaho Rule of Civil Procedure 61 requires that "[t]he court at every stage of the proceeding must disregard any error or defect in

the proceeding which does not affect the substantial rights of the parties." *Taylor v. AIA Services Corp.*, 151 Idaho 552, 559, 261 P.3d 829, 836 (2011). Thus, the Nickersons have not shown error in the district court's denial of their motion to continue the hearing on the cross-motions for summary judgment.

### 2. The district court did not err by failing to instruct the Nickersons during the summary judgment hearing to amend their pleadings to include the affirmative defense of fraud.

The Nickersons alleged fraud in their response to PHH's motion for summary judgment. PHH argued that the Nickersons failed to state with particularity all circumstances of fraud, did not assert fraud as an affirmative defense, provided no facts or evidence to establish a prima facie case for fraud, and failed to fulfill their burden to support their claim that a genuine issue of material fact existed. In denying the Nickersons' motion for summary judgment, the district court explained, "The Nickersons argue that PHH committed fraud, however, they did not allege fraud in their pleadings. No admissible evidence of fraud has been presented to the court. . . . The defendants did not allege fraud as an affirmative defense."

On appeal, the Nickersons argue that, under Idaho Rule of Civil Procedure 15(b) and our decision in *McKee Bros., Ltd. v. Mesa Equip., Inc.*, 102 Idaho 202, 628 P.2d 1036 (1981), the district court should have instructed the Nickersons to amend their pleadings to include the affirmative defense of fraud. We disagree.

"The only issues considered on summary judgment are those raised by the pleadings." *Esser Elec. v. Lost River Ballistics Techs., Inc.*, 145 Idaho 912, 919, 188 P.3d 854, 861 (2008). "I.R.C.P. 8(c) requires that the affirmative defense of fraud be set forth in the defendant's answer." *McKee Bros.*, 102 Idaho at 202, 628 P.2d at 1036. "Rule 9(b) requires that claims of fraud and mistake be pleaded with particularity. I.R.C.P. 9(b). This rule requires the alleging party to specify what factual circumstances constitute fraud or mistake." *Brown v. Greenheart*, 157 Idaho 156, 164, 335 P.3d 1, 9 (2014).

The Nickersons did not plead fraud in their answer nor in their amended answer. The Nickersons did not raise the issue of fraud during PHH's and Chase's first motions for summary judgment. The Nickersons' reliance on our decision in *McKee Bros.* is misplaced. There, the district court "concluded that the defendant might be able to establish the necessary elements of fraud. . . ." *McKee Bros.*, 102 Idaho at 202, 628 P.2d at 1036. As such, the district court granted the defendant leave to amend the answer to include a claim of fraud. *Id.* We affirmed, explaining

that a district court is "within its authority in conditioning the denial of summary judgment on the amendment of defendant's answer." *Id.*

Here, the district court did not conclude the Nickersons might be able to establish the elements of fraud; rather, it expressly explained that the Nickersons had not presented any admissible evidence of fraud. Further, although a district court has the authority to condition denial of a motion for summary judgment upon amendment upon the non-moving party's pleadings, there is no corollary rule that the failure to do so is an automatic ground for reversal. Therefore, we find that our holding in *McKee Bros.* is not a basis for finding the district court erred. The Nickersons' reliance on Idaho Rule of Civil Procedure 15(a) is likewise misplaced.

"Under I.R.C.P. 15(a) a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Once an answer has been filed, however, a party may amend a pleading only by leave of court." *DAFCO LLC v. Stewart Title Guar. Co.*, 156 Idaho 749, 755, 331 P.3d 491, 497 (2014) (internal citations and quotations omitted).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, 'be freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Clark v. Olsen*, 110 Idaho 323, 326, 715 P.2d 993, 996 (1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Timeliness alone is not a sufficient reason to deny a motion to amend." *DAFCO LLC*, 156 Idaho at 756, 331 P.3d at 498. "The time between filing the original complaint and the amended complaint is not decisive. . . . [T]imeliness is important in view of the *Foman* factors such as undue delay, bad faith, and prejudice to the opponent." *Carl H. Christensen Family Trust v. Christensen*, 133 Idaho 866, 871, 993 P.2d 1197, 1202 (1999). "Appropriate factors to consider include whether the proposed amendment would delay upcoming hearings or trial, whether the motion to amend comes after court-imposed deadlines have passed, and whether substantial work has already been completed." *DAFCO LLC*, 156 Idaho at 756–57, 331 P.3d at 498–99.

Here, the Nickersons' original answer was filed August 12, 2011. The hearing on the cross-motions for summary judgment was held on February 11, 2014. The Nickersons' proposed

amended answer, counterclaim, and third party complaint is over 300 pages long and contains twenty-six affirmative defenses and twenty-two causes of action, including new causes of action that were not previously pled. Taking into account these circumstances, the district court did not err by not instructing the Nickersons to amend their pleadings to include a claim of fraud.

**B. The district court did not err when it denied the Nickersons' motions for reconsideration.**

Following the district court's April 4, 2014, judgment and order granting PHH's second motion for summary judgment, the Nickersons filed three motions to reconsider. The district court denied the Nickersons' motions to reconsider, stating that "IRCP 11 requires motions to reconsider interlocutory orders be filed within 14 days of the filing of the order(s) in question. The court's Judgment of April 4, 2014 was a final judgment not an interlocutory order. The defendants' motions to reconsider were not filed timely." On appeal, the Nickersons argue that the district court erred in refusing to reconsider its rulings based solely on timeliness. We disagree.

"Pro se civil litigants are not accorded special latitude merely because they chose to proceed through litigation without the assistance of an attorney. Further, pro se litigants are held to the same standards and rules as those represented by an attorney." *Colafranceschi v. Briley*, 159 Idaho 31, 34, 355 P.3d 1261, 1264 (2015) (internal quotations and citations omitted). Motions to reconsider must be filed within fourteen days of the final judgment. I.R.C.P. 11(a)(2)(B). The district court issued its final judgment on April 4, 2014, and the Nickersons did not file their motions to reconsider until April 22, 2014, eighteen days after final judgment. The district court did not err when it denied the Nickersons' motions for reconsideration.

**C. The district court did not abuse its discretion when it denied the Nickersons' Rule 60(b) motions to set aside judgment.**

We initially observe that the Nickersons' Rule 60(b) motions were an evident attempt to bypass this appeal. The Nickersons filed their notice of appeal on May 16, 2014. It was not until October 6, 2014, that the Nickersons filed their Rule 60(b) motions with the district court. The arguments advanced in these motions had previously been presented to the district court. Likewise, the arguments contained in these motions are the same arguments that the Nickersons have advanced before this Court on appeal. We have held that "[a]n I.R.C.P. 60(b) motion may be used to obtain relief from a final judgment; however, it should not be used as a substitute for a timely appeal." *Maynard v. Nguyen*, 152 Idaho 724, 726, 274 P.3d 589, 591 (2011).

Nevertheless, we will address the merits of the district court's denial of the Nickersons' Rule 60(b) motions.

### 1. The district court did not err when it denied the Nickersons' Rule 60(b)(1) motion based upon "mistake."

The district court denied the Nickersons' Rule 60(b)(1) motion, which claimed mistake, concluding, "IRCP 60(b)(1), when referring to 'mistake', refers to mistakes made by the party not the court. The Nickersons have the right to appeal this case based upon their perceived mistakes made by the court, but that is not a basis for relief pursuant to IRCP 60(b)(1)." The district court went on to explain that the mistake must be one of fact and not law.

On appeal, the Nickersons argue the district court abused its discretion when it erroneously asserted that Rule 60(b)(1) does not apply to mistakes of the district court. The Nickersons are correct to the extent that mistake may be that of either a party or the court. However, the district court properly concluded that only mistakes of fact are subject to a Rule 60(b)(1) motion, not mistakes of law.

"Mistake or inadvertence referred to in Rule 60(b)(1) applies primarily to errors or omissions committed by an attorney or by the court that are not apparent in the record. Any claim of mistake must be a mistake of fact and not a mistake of law." *Berg v. Kendall*, 147 Idaho 571, 576–77, 212 P.3d 1001, 1006–07 (2009) (citation omitted). The Nickersons present nine arguments under the heading "Mistake." However, all nine of the Nickersons' claims of mistake present claimed legal mistakes, not mistakes of fact. Therefore, the district court did not err when it denied the Nickersons' Rule 60(b)(1) motion.

### 2. The district court did not err when it denied the Nickersons' Rule 60(b)(1) motion based on "surprise."

The Nickersons argue that "since the Nickersons relied on what their attorney was telling them, and their attorney did not tell them the true status of their case, the Nickersons were irrefutably surprised by the summary judgments that resulted in dismissal of their counterclaims and third party complaint."

The Nickersons' argument of surprise is misplaced. The Nickersons' former attorney prepared and defended against PHH's and Chase's first motions for summary judgment filed on October 16, 2012. There, the district court ruled in favor of the Nickersons and denied PHH's motion for summary judgment seeking a declaration of default and order for foreclosure. The Nickersons filed their notice of appearance *pro se* on August 19, 2013, and thereafter have fully

participated in all matters before the district court. The Nickersons' motion for relief from judgment or order was filed "in response to the Amended Judgment filed on June 24, 2014. . . ." The district court's judgment resulted from PHH's second motion for summary judgment on the issue of foreclosure. The Nickersons' former attorney was not involved in the hearing on this motion and the resulting judgment. The district court did not err when it denied the Nickersons' Rule 60(b)(1) motion on the issue of surprise.

**3. The district court did not err when it denied the Nickersons' Rule 60(b)(1) motion based on "excusable neglect."**

The Nickersons' claim of "excusable neglect stems from the fact they were purposefully deceived regarding the proceedings by their attorney. . .Therefore, all negligence for not knowing the true status of their case and for not participating in the proceedings that resulted in dismissal of their counterclaims and third party complaint is excusable and the Nickersons must be granted relief from the orders dismissing those claims." As noted, the Nickersons' Rule 60(b) motions do not relate to the initial motions for summary judgment and the dismissal of the Nickersons' counterclaims and third-party complaint. The Nickersons have not presented a cogent explanation as to how any misrepresentation by their former attorney affected the proceedings on PHH's second motion for summary judgment. In short, they have not demonstrated any connection between their claimed excuse and any subsequent neglect. We are unable to find that the district court erred when it denied the Nickersons' Rule 60(b)(1) motion based on this ground.

**4. The district court did not err when it denied the Nickersons' Rule 60(b)(2) motion based on "new evidence."**

On appeal, the Nickersons argue they provided new evidence to the district court, "and any evidence the District Court claims is not new, is evidence the District Court declined to consider and refused to consider because of the timing of when it was presented, and thus, in the context of a 60(b) motion, it is new relevant evidence that must be considered in the determination of this case."

The Nickersons' argument has no legal basis, as the evidence presented in support of their motion was evidence which was previously presented to the district court or which could have been discovered earlier in the exercise of due diligence. The Nickersons' motion was based on alleged "Qualified Written Requests" the Nickersons sent to both PHH and Chase, which the Nickersons claimed "irrefutably denies PHH's standing to foreclose and provides a basis for

determining PHH maliciously pursued a wrongful, fraudulent foreclosure against the Nickersons." However, in the very next line of their motion, the Nickersons stated, "Since the court already had this evidence in its chambers prior to rendering judgment but ruled it was presented too late, it also demonstrates this Court has an extreme prejudice against the Nickersons which evidently precludes the Nickersons from getting justice in this Court." The Nickersons make no effort to explain to this Court why, in the exercise of due diligence, this evidence could not have been timely discovered and presented to the district court for its consideration in connection with the second motion for summary judgment. Thus, we can find no basis for concluding that the district court erred when it denied the Nickersons' Rule 60(b)(2) motion.

**5. The district court did not err when it denied the Nickersons' Rule 60(b)(3) motions on the basis of "fraud."**

The district court concluded:

Their argument is that plaintiffs' counsel knowingly and falsely presented evidence to the court that they were the holder of the note the Nickersons promised to pay. . . .This court concludes that the Nickersons have not presented sufficient evidence to support their claim for relief. . . .The Nickersons claim that counsel for PHH knowingly and falsely presented false and inadmissible evidence to the court in support of their motion for summary judgment. . . .The Nickersons have presented no evidence that counsel for the [sic] PHH committed fraud upon the court by knowingly and falsely presenting false evidence to the court. . . .The Nickersons allege that PHH committed fraud upon the court by knowingly presenting a false document signed by Kristen Bailey to the court. . . .The Nickersons have presented no evidence that counsel for PHH committed fraud on the court by knowingly submitting false evidence in support of their motion for summary judgment.

In this appeal, the Nickersons have not directed this Court's attention to any evidence which might tend to support their claims of fraud. Absent such evidence, we can find no error in the district court's denial of the Nickersons' Rule 60(b)(3) motions on the basis of fraud.

**6. The district court did not err when it denied the Nickersons' Rule 60(b)(3) motions on the basis of "misconduct."**

In denying the Nickersons' motion to set aside judgment based on misconduct, the district court concluded:

[T]he Nickersons claim they should be granted relief due to misconduct by opposing counsel. Opposing counsel presented excerpts from depositions to be considered in the motions for summary judgment. The Nickersons claim that the depositions should not have been considered by the court. This is an issue on

appeal. The Nickersons have not presented sufficient evidence to support their claim that opposing counsel knowingly presented false evidence (the depositions of the Nickersons) to the court.

On appeal, the Nickersons argue that the district court erroneously ignored the misconduct and opposing counsel violated the Idaho Rules of Civil Procedure regarding the handling and filing of the depositions of Charles and Donna Nickerson. However, the Nickersons have only cited to their motion to suppress those depositions, which the district court considered and denied. This is insufficient to demonstrate that the district court erred when it denied the Nickersons' Rule 60(b)(3) motion based upon a claim of misconduct.

### D. The Nickersons raise several issues on appeal that are not properly before this Court.

"This Court does not review an alleged error on appeal unless the record discloses an adverse ruling forming the basis for the assignment of error." *Ada Cnty. Highway Dist. v. Total Success Investments, LLC*, 145 Idaho 360, 368, 179 P.3d 323, 331 (2008). " 'This Court will not search the record for error. We do not presume error on appeal; the party alleging error has the burden of showing it in the record.' " *VanderWal v. Albar, Inc.*, 154 Idaho 816, 822, 303 P.3d 175, 181 (2013) (quoting *Miller v. Callear*, 140 Idaho 213, 218, 91 P.3d 1117, 1122 (2004)).

#### 1. The Nickersons' challenge to the denial of their motion to amend their pleadings is waived.

On April 22, 2014, the Nickersons filed a motion for leave to amend their answer, counterclaim, third-party complaint, and demand for a jury trial. The Nickersons argue that the district court abused its discretion when it denied their motion. However, the Nickersons fail to provide a citation to the record showing the district court's decision on the issue, much less address the basis for that decision. Thus, we will not address the Nickersons' claim that the district court erred by denying the motion to amend their pleadings.

#### 2. The Nickersons' challenge to the district court's decisions regarding their Motion to Strike the Second Affidavit of Ronald E. Casperite and Motion to Suppress and Strike the Depositions of Charles and Donna Nickerson are waived.

On March 26, 2014, the Nickersons filed an objection to the Second Affidavit of Ronald E. Casperite. The Nickersons argue that the affidavit was fraudulent because the notary did not sign the affidavit. On May 16, 2014, the Nickersons filed a motion to suppress and strike the depositions taken of both Charles and Donna Nickerson. The Nickersons argue there were errors and irregularities in the manner the testimony was transcribed, prepared, signed, certified, sealed,

endorsed, transmitted, and filed. However, once again the Nickersons fail to cite to any adverse ruling in the record for this Court to consider. Thus, these issues are waived.

### 3. The Nickersons' argument concerning a Sheriff's Certificate of Sale is not properly before this Court.

The Nickersons take issue with the district court's second amended judgment. There was no discussion of this issue at the district court level and the Nickersons have not pointed to any adverse ruling, objection, or motion in the record for this Court to consider. It appears the Nickersons are asking this Court to answer the legal question, "Is the purchaser of the foreclosed property granted possession upon production of Sheriff's Certificate of Sale?" It would be inappropriate for this Court to issue an advisory opinion on this hypothetical issue. Therefore, we will not further address this claim.

## E. Chase is entitled to an award of attorney fees on appeal.

Chase requests attorney fees on appeal pursuant to Idaho Code section 12-121. PHH has not requested an award of attorney fees. Chase contends that the Nickersons have maintained this appeal frivolously, raised issues not implicated by the pleadings, failed to support their arguments with citations to relevant law, failed to offer cogent argument relevant to the third-party claims asserted against Chase, and have wasted the time and resources of the parties and the courts of Idaho. We agree.

Idaho Code section 12-121 states, "In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties. . . ." I.C. § 12-121. "To receive an I.C. § 12–121 award of fees, the entire appeal must have been pursued frivolously, unreasonably, and without foundation." *Snider v. Arnold*, 153 Idaho 641, 645–46, 289 P.3d 43, 47–48 (2012). "Such circumstances exist when an appellant has only asked the appellate court to second-guess the trial court by reweighing the evidence or has failed to show that the trial court incorrectly applied well-established law." *City of Boise v. Ada Cnty.*, 147 Idaho 794, 812, 215 P.3d 514, 532 (2009). "Ordinarily, attorney fees will not be awarded where the losing party brought the appeal in good faith and where a genuine issue of law was presented." *Nelson v. Nelson*, 144 Idaho 710, 718, 170 P.3d 375, 383 (2007).

We hold that the Nickersons have pursued this appeal frivolously, unreasonably, and without foundation. Thus, Chase is entitled to an award of attorney fees incurred on appeal. Because PHH and Chase have prevailed in this appeal, they are entitled to an award of costs as a matter of right.

## IV. CONCLUSION

We affirm the judgment of the district court and the district court's denial of the Nickersons' Rule 60(b) motions to set aside the judgment. We award attorney fees on appeal to Chase and costs on appeal to PHH and Chase.

Chief Justice J. JONES and Justices EISMANN, BURDICK and W. JONES, **CONCUR**.